WILLIAM COOK *vs.* URIAH B. FISKE.

A shipbroker who, being employed by the owner of a vessel to obtain a charter, brings to him a person with whom he makes an agreement for a charter, is entitled to the usual commissions for obtaining a charter, although the owner afterwards, without legal excuse, refuses to sign the charter party, and the voyage agreed on is never made. And testimony of other shipbrokers that they never knew of a case in which the broker's commissions had been paid when no charter party had been executed, and that, so far as they knew, it was not the custom of shipbrokers to charge a commission under such circumstances, is not such proof of a custom as will prevent his recovering his commissions.

ACTION OF CONTRACT to recover fifty dollars " for services and commissions in procuring charter for schooner Broad Field to Canary Islands and back of ,William F. Weld & Co.," being two and a half per cent. on $2000, the amount of the charter money. Trial in the superior court of Suffolk at September term 1857, before *Abbott*, J., who signed this bill of exceptions:

" The plaintiff showed that the defendant applied to him as a shipbroker, to obtain a charter for a vessel, of which the defendant was master and partowner ; that he brought to him a customer, with whom the defendant, with the help of the plaintiff, agreed for a charter to the Canary Islands for $2000 ; that a memorandum of an agreement was made by the freighter, who asked the defendant to sign it, but he refused to do so, and said that he would not sign anything until a charter party was prepared. The agreement for a charter was complete, and the captain agreed to sign a charter party ; but when drawn up according to agreement, refused, without any sufficient reason, and the vessel did not proceed on the proposed voyage. The plaintiff also proved that a broker's commission was two and a half per cent. on the charter money in foreign, and five per cent on coastwise voyages.

" The defendant moved for a nonsuit, on the ground that the declaration was for commissions on freight not earned, and no charter party executed; and that if the plaintiff was entitled to recover anything, it was for his services and expenses incurred in attempting to procure a charter which was not signed, through the alleged fault of the defendant; all which must be specially set forth in the declaration, in a distinct and separate form from his declaration for commissions. But the court overruled the motion.

" The defendant then proved by two shipbrokers in Boston (one of whom testified that he knew only of his own custom, and nothing of the custom of others) that it was not their custom, and, so far as they knew, it was not the custom of shipbrokers in Boston, to charge and receive commissions in cases in which charter parties were not executed; that it frequently happened that after arrangements had been made for a charter, negotiations were broken off, without the charter party being signed, in which case the brokers, so far as the witnesses knew, received nothing. One of them stated, on cross-examination, that where an oral agreement was made, with all the particulars specified and understood, he should claim his commissions. But such a case, he stated, would be extremely rare, as a slight variation in a charter proposed from the oral agreement often prevented its execution. No instance was sworn to, in which a commission was ever paid where a charter party was not signed. The plaintiff, on cross-examination, stated that he never knew such a case. It was proved that the commissions, when earned, were always paid by the shipowner.

" The defendant moved the court to instruct the jury: 1st. That no commissions were due the plaintiff, as a charter party was not signed, and no agreement for a charter was consummated. 2d. That if anything was due to the plaintiff, it was for a proportionate compensation for his time, services and expenses in attempting to procure a charter party.

" But the court refused so to rule, and did rule, in substance, that an agreement for a charter might be made orally; and that if the jury were satisfied that by reason of the services rendered

by the plaintiff the defendant was enabled to make an agreement for a charter party, which agreement was not executed and carried into effect, because the defendant refused to do it without any legal excuse, the plaintiff would be entitled to recover of the defendant the value of the services so rendered by him ; and that in fixing the value of the services, the jury should not be confined necessarily to the price paid a common day laborer, but should allow such a sum as was usually and ordinarily paid for services of the same kind and character, at the time when and the place where the services sued for were rendered.

" The jury found for the plaintiff for the full amount claimed, and interest. To all which rulings the defendant excepted."

*C. H. Hurd*, for the defendant, cited Story on Agency, §§ 329 *& seq.;* Paley on Agency, (4th Amer. ed.) 106 *& seq.; Dalton* v. *Irvin*, 4 Car. & P. 289 ; *Broad* v. *Thomas*, 7 Bing. 99 ; *Read* v. *Rann*, Lloyd & Welsby, 121, and 10 B. & C. 438 ; Smith's Merc. Law, (5th ed.) 132 *& seq.;* Russell on Factors, 159, 163.

*H. A. Scudder*, for the plaintiff.

BIGELOW, J. The instructions given to the jury were clearly right. The plaintiff had performed his whole duty as a broker or middleman when he had brought the parties together and they had negotiated the terms on which the vessel was to be let by the defendant for the proposed voyage. A charter party was not essential to the validity of the contract for the hire of the vessel. The verbal agreement was obligatory, and the defendant might have enforced it, if he had seen fit to do so. *Taggard* v. *Loring*, 16 Mass. 336. He cannot set up his own wilful refusal to fulfil the contract as a ground of defence to the plaintiff's claim for compensation. It is a well settled and sound principle of law that he who prevents a thing being done shall not avail himself to his own benefit of the non-performance which he has occasioned. *Nullus commodum capere potest de injuria sua propria.*

The evidence offered by the plaintiff was sufficient to show the rate of compensation to which he was entitled for the services which he had rendered, and this was not controlled by the testimony adduced by the defendant to prove a custom or usage

by which a commission on the amount to be paid for the hire of the vessel was not paid to a broker unless a charter party was actually signed. The plaintiff had made out a case which, according to well settled principles, entitled him to recover. The evidence offered by the defendant fell far short of establishing a usage of trade sufficiently well known and universal to vary or override the rules of law applicable to the facts in proof.

*Exceptions overruled.*