## Nisbet v. Dozier.

(Decided July 1, 1924.)

### Appeal from Hopkins Circuit Court.

1. Brokers—Oral Contract to Pay Agent Finding Lessee of Mine Certain Portion of "Royalty" Must be in Writing.—A contract, to pay one as real estate agent a certain amount of royalty for finding a suitable lessee who would take a 20-year mining lease on coal lands, amounted to transfer of interest in real estate, and must be in writing, under Ky. Stats., section 470; "royalty" being but another name for rents and profits.

2. Brokers—One Procuring Lessee for Coal Lands Held Not Entitled to Recover for Services.—One finding a suitable lessee, who would take 20-year mining lease on coal lands was not entitled to recovery on a quantum meruit independently of a contract void

under statute of frauds, where defendant did not bind himself to pay for services, and was not benefited by them; it being understood that he was acting only as agent for an estate.

LAFFOON & WADDILL for appellant.

GORDON, GORDON & MOORE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

W. B. Dozier brought this suit against Ernest Nisbet to recover on an oral contract which he alleged was made with him by Ernest Nisbet, whereby Nisbet employed him as real estate agent to find a suitable lessee who would take a twenty year mining lease on 200 acres of coal lands in Hopkins county. An answer was filed controverting the allegations of the petition and on the trial of the case a judgment was rendered in favor of the plaintiff for $5,000.00 as compensation for his services under the contract. The defendant appeals.

The first question in the case is, was the oral contract claimed by the plaintiff valid under the statute of frauds? It is well settled that an agent's authority to sell real estate may ordinarily be conferred by an oral contract. 9 C. J. 517; Womack v. Douglas, 157 Ky. 716, and cases cited. But the contract in this case is not the ordinary contract. It is stated by appellee in these words: "I asked him how much royalty you want for that and he says 'I want 6 cents a ton, that is fair is it not?' and I says that ought to be worth 6 cents, and I says I will see what I can do for you and it was understood then if I got any more than 6 cents I should have all above 6 cents." That this was the precise contract is admitted by appellant, and this is shown by the lease which was drawn a few days later and was plainly intended by both the parties, who were then present, as a correct statement of the contract. In that paper it is provided that the lessee binds himself

"To pay to lessors, their heirs and assigns, as royalties, the sum of 6 cents per ton for each and every ton of merchantable coal mined from said land, estimated on a mine run basis and to pay to W. B. Dozier the further sum of 4 cents for each and every ton of merchantable coal mined from said lands, estimated on a mine run basis."

This was also provided in the paper:

"W. B. Dozier shall be paid his part of said royalty at the time and in the manner provided for payment of royalty to lessors, their heirs and assigns."

The land was the property of the father of Ernest Nisbet. The lease was drawn to be signed by all of his heirs; some of them declined to sign the paper and no contract was made. Then Dozier brought this suit against Ernest Nisbet on the ground that Ernest Nisbet said he had a power of attorney from the heirs when he made the contract with him, and in fact made the contract as such agent with him. By section 470 of the Kentucky Statutes "any contract for the sale of real estate or any lease thereof for longer than one year" must be in writing and signed by the party to be charged therewith.

It has been held under this statute time and again that any contract disposing of any interest in real estate or a lease for more than a year is not valid under the statute unless in writing Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, and cases cited. So the question is, was this a contract to sell an interest in the land?

The coal under the land was a part of the land; to sell the coal was to sell a part of the land. If this contract had been carried out the lessors at the end of the twenty years provided for in the lease would have had the land without the coal, which constituted the larger part of its value. Royalty is but another name for rents and profits.

"Royalty is the name generally applied to the rent reserved to the lessor in leases of mines payable either in kind or money and generally based upon the quantity or value or both, of the product." 2 Snyder on Mines, section 1251.

By the contract the land was to be leased for twenty years and four-tenths of the royalty was to be paid to Dozier for his services in securing the lease. This contract was in substance a sale of four-tenths of the royalty for twenty years. A contract to sell four-tenths of the coal under the land would plainly be within the statute, and it is hard to see upon what ground a contract to sell four-tenths of the royalty for twenty years is not equally within the statute. The word *rent* embraces the compen-

sation received by the owner of the land for its use. It is well settled that rent to accrue is an incident to and accompanies the reversion unless separated by an express reservation. 16 R. C. L. 915. It is also well settled that the right to rent being an incident attached to the reversion, the rents accruing follow the title, that is, in a judicial sale the rents belong to the owner of the land until the sale is confirmed by the court and after the sale is confirmed they belong to the purchaser. Ball v. First National Bank, 80 Ky. 501. So rents accruing after the intestate's death belong to the heir. Wilson v. Unselt, 12 Bush 216; 16 R. C. L. 428. It is also well settled that a devise of the rents and profits of the land for life is a devise of the land for life. Nelson v. Nelson, 2 R. 63.

"There can be no foundation whatever for the distinction attempted to be drawn between the land itself and its issues and profits." Williamson v. Williamson, 18 B. M. 329.

"The devise to the wife for the rents and profits for life and then to her issue was in substance a devise of the property itself." Bowles v. Winchester, 13 Bush 13.

"A devise of the income of land is a gift of the land itself, and a devise of the use of the land is also construed as a devise of the land itself." 28 R. C. L. 239.

In determining the effect of a deed conveying to the grantee the profits of the land for her use and the use of her heirs, in Ball v. Hancock, 82 Ky. 109, this court said:

"This unlimited right to the profits conferred upon her heirs as well as herself, if nothing else appeared in the deed restricting it, would amount to a grant of the land itself, for as said by Washburn, 3 vol., sec. 23, p. 622: 'A grant of rents, issues and profits of a tract of land is a grant of the land itself,' and on p. 695, that 'a devise of the rents and profits is equivalent to a devise of the land itself;' and by Smith on Real and Personal Property, p. 491: 'A grant of the profits of land carries the land itself.' "

It necessarily follows from these principles that the oral contract relied on was a contract to sell to Dozier in consideration of his services an interest in the land. We have not been able to find any case precisely in point as

to real estate brokers, but there are numerous cases where attorneys have sued to enforce similar verbal contracts for their services in suits to recover land, and in all cases, so far as we have found, the contract has been held within the statute. Jackson v. Stearns, 37 L. R. A. (N. S.) 639; Farrin v. Matthews, 41 L. R. A. (N. S.) 184; Oxborough v. St. Martin, 21 A. L. R. 350; 25 R. C. L. 549. In Howton v. Gilpin, 69 S. W. 766, 24 R. 630, this rule was applied to a verbal contract by the other heirs with one of the heirs to the effect that he might have the land for defending a suit to recover it.

We cannot see that the contract of the real estate agent can be distinguished from the like contract of an attorney or heir. The lease here was for twenty years. The contract was in substance for a lease for twenty years, by which a part of the land itself was to be removed and Dozier was to receive for his services four-tenths of the royalty or rent of the land for twenty years. To hold such a contract not within the statute would be to sustain a lease of an interest in land for over one year, though not in writing.

There can be no recovery on a *quantum meruit* independently of the contract, for the services which Dozier rendered were of no value to Nisbet. He received nothing thereby, and to allow a recovery here on a *quantum meruit* under the facts of this case would be in effect to enforce the invalid verbal contract. Nisbet did not bind himself to pay for the services. It was well understood that he was acting only as agent for the estate. He denies saying he told Dozier he had power of attorney. Dozier well understood that he was acting for the estate and made the contract for the estate, and if the contract was void under the statute of frauds, to allow a recovery on a *quantum meruit* would be to create a liability which did not arise out of the contract.

These conclusions make it unnecessary for us to pass on any of the other questions arising on the trial or to pass on the sufficiency of the second paragraph of the defendant's answer under National, etc., Insurance Co. v. Great Southern, etc., Ins. Co., 177 Ky. 56. All other questions except those expressly decided above are reserved and not determined.

Judgment reversed and cause remanded for further proceedings consistent herewith.