[File No. 6529.]

G. W. SODERSTROM, Appellant, v. B. W. WHITE et al.,
and
B. W. WHITE and Alice White, Respondents.

(279 N. W. 306, 117 A.L.R. 391.)

Opinion filed April 8, 1938.

*Theo. B. Torkelson,* for appellant.

*Mark H. Amundson,* for respondents.

MORRIS, J.  This is an action to cancel a written contract entered into on October 1, 1929 between W. H. Thomas, as vendor, and B. W. White, as vendee, for the sale and purchase of both real and personal property, "described as Lot Thirteen (13) in Block Nine (9), in the Original Townsite of Bowman, North Dakota . . . also all furniture and fixtures, and equipment now located and contained in the above building."  (Then follows a list of items of personal property.)

The contract provides for payment by the vendee of the sum of $8300.00 of which $1000.00 is payable upon execution of the contract and the balance in specified monthly installments.  If the vendee makes the above payments, the vendor "covenants and agrees to convey and assure to the said party of the second part, in fee simple, clear of all encumbrances whatever, by a good and sufficient Warranty Deed,"

the property above mentioned. The contract further provides that if the vendee fails to make the payments provided for "this Contract shall at the option of the party of the first part be canceled and determined, and all right, title and interest acquired thereunder by said second party forfeited, by giving to said second party thirty days' notice in writing of the intention of said first party to so cancel and determine this Contract and to annul all right, title and interest acquired thereunder by said second party; said notice to be in accordance with the statute in such case made and provided."

The notice above mentioned "shall be sufficient to cancel all obligations hereunto on the part of the said first party and fully reinvest him with all right, title and interest hereby agreed to be conveyed."

The property was purchased for use as a confectionery. White turned the premises over to his wife and gave her a bill of sale of the personal property, but continued active in the business. The original vendor conveyed his interest in the property by deed and bill of sale to the plaintiff and one Lawrence, who in turn, by similar instruments, conveyed his interest to the plaintiff. Thus the rights of the original vendor under the contract passed to the plaintiff. Semmler v. Beulah Coal Min. Co. 48 N, D. 1011, 188 N. W. 310. The trial court found: "That there is due and unpaid upon the said purchase price of $8300.00 the sum of $5000.00 principal and $241.50 interest, and taxes on the real estate are unpaid for the years A. D. 1930 to A. D. 1936, inclusive, amounting to the sum of $952.68 and all installments provided for in the said contract are past due." He also found that the title to the personal property described in the contract passed at the time of its execution to B. W. White who became the absolute owner thereof: Judgment was entered for cancellation of the contract as to the real estate and adjudging Alice White to be the owner of the personal property.

The plaintiff contends that the contract is not divisible and that the title to the personal as well as the real property remained in him and did not pass when the contract was executed.

In support of the argument that title to the personal property passed to the vendor, the following sections of the 1925 Supplement to Compiled Laws are cited:

"Section 6002a18. (1) Where there is a contract to sell specific or

ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intended it to be transferred.

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case."

"Section 6002a19. Unless a different intention appears, the following are the rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. Rule 1. Where there is an unconditional contract to sell specific goods, in a deliverable state the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment or the time for delivery, or both, be postponed."

These quotations are a part of the uniform sales act and declare rules applicable in determining the intention of the parties where the contract is unconditional. Here it is contended that the contract is conditional. In construing contracts the essential question is generally one of intention. In determining whether the parties in this case intended that title to the personal property should pass to the vendee; while title to the real estate was retained in the vendor, we will first consider whether the contract is divisible or entire. This requires an examination of the terms of the contract, its subject matter, and other facts and circumstances disclosed by the evidence, including the conduct of the parties. The subject matter of the contract consists of both real and personal property, and to that extent might be considered divisible, but other facts concerning the subject matter must also be considered. When the contract was made both the building and the personal property were being used in the operation of a confectionery and the vendee purchased it for immediate use as a place of business, and continued to operate a confectionery therein. Both the building and the personal property were combined in a business establishment, which lends support to the appellant's argument that the contract is not divisible, and that it was the intention of the parties to reserve title to the entire subject matter.

Orenstein v. Kahn, 13 Del. Ch. 376, 119 A. 444, involves an action for specific performance of part of a contract for the sale of real estate and the goods and fixtures of a store located thereon. It was contended that the contract was not divisible even though the purchase

price was apportioned between the various kinds of property. The court so held and in reaching its conclusion, said:

"The construction of a contract necessarily depends upon the facts of the particular case. The uncontradicted evidence in this case shows that Orenstein agreed to purchase the real estate, with the immediate intention of using it for a place of business; the store located therein to be run for him by his brother. That this fact was known to Kahn, is also clear.

"From this aspect of the case it would, therefore, seem that the agreement to convey the store goods and fixtures in said store property was inseparably connected with the agreement to convey the business location; all of the property which was to be conveyed being material and important in the use of the location as a business stand."

Of more importance than the nature of the subject matter is the fact that there was no apportionment of the consideration between the real and personal property. "One of the most certain of the single tests for determining the intention of the parties is whether the consideration on the one side is apportioned to each of the different covenants on the other, or whether the consideration on the one side is the entire consideration for all the covenants upon the other side." Page, Contr. § 2088. Supplement to 2d ed. The consideration for the purchase of both the real and personal property was the purchaser's agreement to pay the sum of $8300.00. Neither the contract nor any of the testimony discloses any intention to allocate this consideration between the two types of property purchased.

The defendants argue that certain terms of the contract are indicative of an intention to treat the real estate and the personal property separately, as for instance, the provision for conveyance by warranty deed which can apply only to the real estate, while nothing is said about a bill of sale to the personal property. This, it is claimed, indicates an intention that the personal property was to pass upon delivery. The particular name given to the instrument cannot be considered of great importance. The whole contract was made by filling in blanks in a printed form designed for sales of real estate; thus some of the terms used are those generally found in such forms. The contract in its entirety is one providing for a transfer of title in the future. There is nothing in the contract to indicate that title to

the personal property would pass at one time while title to the real estate would pass at another. The essence of the contract is "that if the party of the second part shall first make the payments and perform the covenants" the vendor would convey to him the real estate therein described, and "also all furniture and fixtures, and equipment now located and contained" in the building. A consideration of the terms of the contract, the nature of the subject matter, and the indivisibility of the consideration lead to the conclusion that the contract is entire.

Cases involving equitable vendor's liens are not in point, although such liens are sometimes confused with the liens which the vendor reserves to himself by retaining the legal title until payment of the purchase price. In this case we have an express contract and the problem before us is whether this contract reserves to the vendor title to the personal as well as the real property. "The vendor may under the terms of the contract of sale reserve a lien on both the realty and personalty, or he may reserve a lien on the land for the entire amount; and, where title to both is retained, he has a lien against both." 66 C. J. 1225.

Valuable authorities upon the question before us are not numerous. Available cases in point, however, sustain generally the proposition that where real and personal property is sold as a unit for a single consideration, and title in general terms is reserved in the vendor, such reservation of title applies to the personal as well as the real property.

In Clarke v. Curtis, 11 Leigh, 559, 37 Am. Dec. 625, involving two contracts for the sale of a farm and all the personal property thereon, the court in discussing one of the contracts which covered both the real and personal property, says: "Under the second contract the retention of title is plain. Curtis agreed to execute a deed for the property to Clarke 'whenever he should make the payments they should agree on.' He was not then to have the property till he paid the money. A lien, therefore, clearly existed, and as to Clarke the sale was properly directed."

In Shelton v. Jones, 4 Wash. 692, 30 P. 1061, the plaintiff executed to the defendant a bond covenanting to make a good and sufficient deed of certain land known as the Central Hotel and the furniture appurtenant thereto for a single monetary consideration payable partly in cash and partly in installments. The defendant defaulted and an

action was instituted to foreclose the vendor's lien. The lower court ordered both the real and personal property sold in accordance with the law governing the sale of real property on execution. The defendant contended that because she went into possession upon making the cash payment required by the contract, and gave notes for the balance of the purchase price, that the vendor's lien was extinguished. The court held that under the contract title to neither the personal nor real property passed, and pointed out that the property was of such a character that it would not be likely that the personal property would be separated from the real, and that the consideration provided in the contract was a gross sum.

We have reached the conclusion that the contract is not divisible and that title to both the real and personal property was reserved in the vendor.

: The plaintiff urges that the trial court erred in allowing the defendant, Alice White, until June 1, 1938 to redeem by paying the full amount due. This is a matter within the discretion of the trial court. His determination thereon appears wholly equitable, and will not be disturbed. The judgment should be modified to conform with this opinion.

Remanded.

CHRISTIANSON, Ch. J., and SATHRE, NUESSLE and BURR, JJ., concur.