AAGE CONE *v.* CHRIS PEDERSEN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 4—decided November 30, 1944.

*William H. Fogarty,* for the appellant (plaintiff).

*Richard C. Parmelee,* with whom was *Thomas C. Flood,* for the appellee (defendant).

BROWN, J. This is an action by the plaintiff to recover of the defendant a commission as agreed for the sale of farm property of the defendant in Middletown. The trial court rendered judgment for the defendant and the plaintiff has appealed. The finding as corrected contains these material facts: The plaintiff is a real estate broker. The defendant is the owner of a farm in Middletown. On April 7, 1943, the parties, after verbal agreement, entered into a written memorandum which is exhibit A and reads as follows:

"April 7, 1943

"To Aage Cone

"In consideration of your listing for sale and undertaking to find a purchaser for the real estate described below, I hereby grant and give to you the sole and exclusive right to sell the same, for the period of 60 days from this date, and thereafter until notified by me in writing.

"Price $48000.00 including Stock and Tools.

"In the event said real estate is sold by you, or by myself, or by any other person or agent during said time, for said price, and upon said terms or for a price and upon terms acceptable to me, then and in either of said events, in consideration of your services in this connection, I promise and agree to pay you the regular fixed commission of 7½ per cent as prevailing in the locality in which the property is located at the date of sale thereof, or in the event said real estate is traded or exchanged by me for other property, during said time, whether by and through your efforts, or through my own efforts, or by the efforts of some other person or agent, I promise and agree to pay you such commission of the list price fixed in said memorandum.

"All inquiries concerning said premises will be referred to you.

"It is understood that there are to be no advertising charges against me.

"CHRIS PEDERSEN
"Owner
"Received by AAGE CONE"

Immediately upon the signing of this memorandum, the plaintiff entered upon performance of his obligations under the agreement by advertising extensively in a newspaper, by interviewing prospective purchasers, by bringing them to the defendant's farm, by in-

troducing many of them personally to the defendant and by placing the property in the hands of other agents with whom the plaintiff was affiliated, so that they might assist in selling the premises. These efforts on the part of the plaintiff were continued up to July 28, 1943. On July 19, 1943, the defendant signed an agreement with Francesco Gionfriddo and wife, upon the consideration of a deposit of $300 paid by the latter, to sell forty acres of the premises, with buildings thereon, for a price of $6500. This sale was consummated on July 26, 1943, by a warranty deed from defendant to the purchasers. At no time was the plaintiff aware of this transaction or was he notified, and the purchasers were never referred to him. A letter purporting to revoke the parties' agreement which was mailed by the defendant July 22 and received by the plaintiff July 28, 1943, made no mention of this sale. The plaintiff demanded a commission of $7\frac{1}{2}$ per cent of the sale price which the defendant refused to pay. One of the court's conclusions was that on July 22 the defendant terminated his obligation under the agreement by mailing the letter of revocation to the plaintiff. The gist of the plaintiff's claims is that upon the foregoing facts he is entitled to his commission of $7\frac{1}{2}$ per cent of the $6500 paid for the forty-acre tract.

As the above indicates, neither the finding nor the plaintiff's draft-finding sets forth with clarity what the property was which the parties' agreement, evidenced in part by exhibit A, referred to. The defendant urges that the lack of any description of the property in exhibit A rendered the agreement so incomplete as to be unenforceable. In some states the Statute of Frauds has been extended by specific statutory enactment to include contracts employing a broker to purchase or sell real estate. See 12 C. J. S. 141 et seq.

This is not true of Connecticut. In this state, the Statute of Frauds has no application to such an agreement. *Rathbun* v. *McLay*, 76 Conn. 308, 310, 56 Atl. 511. So in this case, as the contract shown by exhibit A was manifestly incomplete, oral evidence was admissible to supply the missing description. *Asbestos Products Corporation* v. *Matson*, 97 Conn. 381, 384, 116 Atl. 680; *Hydro-Centrifugals, Inc.* v. *Crawford Laundry Co.*, 110 Conn. 49, 52, 147 Atl. 31. The testimony, received without objection and uncontroverted, leaves no doubt that the property to which the agreement related, notwithstanding the lack of any description in exhibit A, was the one hundred and eighty-two acre farm in Middletown where the defendant resided. The reference in the corrected finding to "the defendant's farm, which was the property placed in the plaintiff's hands for sale," construed in the light of the other facts found, sufficiently shows that this was the subject matter of the contract.

Alternative causes of action are alleged by the plaintiff's complaint. The first count charges the defendant with liability for preventing performance by the plaintiff, through selling the forty-acre tract to the Gionfriddos, and seeks recovery for the loss of the commission provided in the contract for the farm's sale. The second count alleges the sale of the forty-acre tract for $6500 and claims a commission upon this amount at the 7½ per cent rate stated in the contract.

Manifestly there could be no prevention of performance by the defendant rendering him liable to the plaintiff unless the defendant's conduct complained of occurred prior to revocation of the contract. In the view which we take of the case, it may be assumed for the purposes of this decision that the agreement which the defendant entered into with the Gionfriddos

on July 19 constituted a sale within the terms of exhibit A. It is established by the finding that at that time the contract between the plaintiff and the defendant was in full force and effect. This provided that, if "said real estate" was sold by the plaintiff, by the defendant, or by anyone else, "upon terms acceptable" to the defendant, he would pay the plaintiff 7½ per cent commission. Obviously, the sale of the forty acres to the Gionfriddos would prevent and render impossible procurement by the plaintiff of a sale of the property as a whole. This violation of the defendant's implied promise to do nothing to hinder or obstruct such performance by the plaintiff was sufficient to have entitled the latter to an action in damages for this breach. *Cook* v. *Fiske,* 78 Mass. 491, 493; *Godburn* v. *Meserve,* 130 Conn. 723, 726, 37 Atl. (2d) 235; *Valente* v. *Weinberg,* 80 Conn. 134, 135, 67 Atl. 369. The measure of damages in such an action, however, is the profit which the plaintiff would have made had he not been prevented from performance. *Young* v. *Shetucket Coal & Wood Co.,* 97 Conn. 92, 94, 115 Atl. 672; 25 C. J. S. 575, § 78. Therefore, to recover upon this ground, proof that, had the defendant not sold the forty-acre tract, the plaintiff would have become entitled to his commission before the contract was revoked is essential. This fact does not appear in the finding nor is it suggested in the plaintiff's draft-finding, and the record is devoid of any evidence to support it. The plaintiff was not entitled to recover upon the first count.

Neither was he entitled to recover upon the second. As already suggested, under this count he seeks by virtue of their express agreement to recover of the defendant 7½ per cent commission on the sale price received by the defendant for the forty-acre tract. The agreement of the parties not only contains no pro-

vision for compensation to the plaintiff for the sale of other than the farm but by its context, including the statement, "Price $48000.00," and repeated reference to "said real estate," makes clear that it is an entire and not a severable contract. The plaintiff therefore can recover no commission upon the sale of a part only. *Bentley* v. *Edwards*, 125 Minn. 179, 146 N. W. 347, and note, 51 L.R.A. (N.S.) 254; 8 Am. Jur. 1094, § 178.

The record shows that the result reached by the trial court was correct, though the grounds upon which its decision rested were not. For the reasons stated, however, the judgment must be sustained.

There is no error.

In this opinion the other judges concurred.