## O'DANIELS v. HAMAN.

### No. 7404.

Supreme Court of North Dakota.

July 2, 1954.

C. A. Waldron & Harris P. Kenner, Minot, for plaintiff and appellant.

W. R. Spaulding, Towner, and Ray R. Friedrich, Rugby, for defendant and respondent.

SATHRE, Judge.

Plaintiff is engaged in the real estate business at Minneapolis, Minnesota, specializing in the sale of creamery property. On June 23, 1948 he obtained a listing contract from the defendant for the sale of certain creamery property and an ice cream bar located at Towner, North Dakota. The listing contract was signed by the defend-

ant John Haman and by his brother Christ Haman. The listing contract contains among other things the following provisions:

"June 23, 1948

"In consideration of your agreement to list in your office the real estate described on the reverse side of this card, and of your efforts to find a purchaser for the same, I hereby grant to you the exclusive right to sell or to contract to sell said real estate within a period of 3 months from the date hereof, for the price and upon the terms stated on the reverse side of this card, and I hereby agree to furnish complete abstract of title to said estate and to execute a deed of general warranty in due form of law, conveying a marketable title to the same, in which my wife or husband shall join, to such persons as you shall have sold or agreed to sell the same, and for your services I hereby agree to pay you the regular Real Estate Board commission on the purchase thereof, as stated in the schedule below, upon any sale or contract for sale or exchange of said real estate made while this agreement remains in force, whether such sale be made by you or by me, or any other agency, or whether at the price and upon the terms stated on the reverse side of this card, or at a different price or upon other terms accepted by me.

"It is further agreed that upon any sale or contract for sale or exchange of said real estate made by me or any other agency within three months next after the termination of this agreement to any person to whom you have offered, shown, or had negotiations with for the sale or exchange of the same and of which I shall have been advised, I will pay you the full Board rate of commission, as below stated.

"At the expiration of the exclusive period above mentioned, this listing agreement automatically shall become non-exclusive unless a renewal or extension of same is given or you are otherwise notified of a complete termination. As a non-exclusive listing, the price, terms and conditions shall remain the same except that I reserve the right to sell or dispose of said real estate myself or through any other agency, and I shall only be obligated to you and pay you the regular commission as below stated in accordance with the agreement in the foregoing paragraphs. Net price $28,500.00".

The plaintiff after having made several attempts to sell the property listed advised the defendant that he was unable to interest a buyer at the price quoted and the defendant thereafter agreed to reduce the price to $26,500.

Through advertising in trade papers and by correspondence the plaintiff had contacted one Sylvester who appeared to be more or less interested in the creamery property of the defendant. However no sale was made within the three-month exclusive period of the listing contract, nor was any sale made thereafter until on or about the 20th day of December 1948. The plaintiff was not personally acquainted with Mr. Sylvester and never met him.

Mr. Sylvester went to Towner where he contacted the defendant and inspected the property listed for sale. He was interested in the creamery property but was not interested in the ice cream bar. Under the terms of the listing contract the creamery and ice cream bar were to be sold in one sale and at the price of $28,500.00. The creamery and the ice cream bar were not priced separately. Mr. Sylvester made two trips to Towner and on or about the 20th of December, 1948 Sylvester agreed to buy the creamery property alone at the price of $14,839.50. A written contract of sale was completed and acknowledged December 27, 1948.

The plaintiff was not advised by the defendant of the sale of the creamery property to Mr. Sylvester. When the plaintiff discovered that the sale had been made he wrote the defendant and demanded his commission under the terms of the listing contract. The defendant refused to pay such

commission on the ground that plaintiff had failed to produce a purchaser for all of the property as provided by the listing contract, and that the sale of the creamery property alone was not within the terms of the contract. Thereafter the plaintiff brought this action against the defendant for commission computed on the amount of the sale price of $28,500 fixed by the listing contract. The defendant denied any liability. The case was tried in the district court of McHenry County before Hon. H. B. Nelson, District Judge and a jury. At the close of all of the testimony, and after he had rested, plaintiff made a motion for leave to amend the complaint to plead quantum meruit to recover on the basis of services rendered on that part of the property which had been sold. Defendant objected to the amendment on the ground that it would change the entire theory of the action. The motion to amend was denied.

At the close of the plaintiff's case and again at the close of all of the evidence the defendant moved for a dismissal of the action and that the court direct a verdict in his favor. The principal grounds upon which the motion was made were "that plaintiff has failed to prove compliance on his part with the terms and conditions of the alleged listing contract, in that he had failed to furnish the defendant a buyer ready, willing and able to buy the property listed therein at the price and on the terms set forth therein; that the plaintiff has failed to prove any contract covering any property on which he bases his claim for commission." The motion was denied and the case was submitted to the jury under instructions that if they found that there was any evidence of any executed oral modification of the written agreement whereby the defendant agreed to pay commission upon the sale of a portion of the property listed in the contract, then they might return a verdict for the plaintiff at the rate of 5% on the price of the portion of the property sold separately. The jury returned a verdict for the plaintiff in the sum of $500.

After the return of the verdict, the defendant moved for judgment notwithstanding the verdict upon the same grounds urged on the motion for a directed verdict, which motion was granted after hearing, and judgment was entered for dismissal of the action.

The plaintiff appealed from the judgment and from the whole thereof. Among the specifications of error are:

1. The refusal of the court to permit the plaintiff to amend his complaint to plead quantum meruit to recover on the basis of services rendered, that is, for the commission on the amount of the sale price of the creamery property.

2. Error in granting the defendant's motion for judgment notwithstanding the verdict.

Plaintiff contends that as a matter of right his motion should have been granted permitting him to amend his complaint by pleading quantum meruit to enable him to recover commission on the sales price of that part of the property which was sold. Plaintiff's cause of action however is based entirely upon the listing contract, plaintiff's exhibit C, the pertinent parts of which have been quoted herein. This listing contract provides specifically that the creamery property and the ice cream bar are to be sold together in one sale, at the price of $28,500. The plaintiff admits that he did not at any time find a buyer who was willing to buy both the properties. The trial court denied plaintiff's motion to amend.

The record shows that after both parties had rested plaintiff's counsel stated to the court:

> "I would like at this time to move to amend the complaint to plead quantum meruit to recover on the basis of services rendered on that part of the property which was sold".

However no proposed written amendment was offered. Furthermore plaintiff's cause of action was based entirely on a written contract by the terms of which he agreed to sell all of the property listed therein in one sale and at one price, nor is there any evidence or testimony in the rec-

ord of the value of the services performed by the plaintiff in procuring a buyer for a portion of the property which under the terms of the listing contract was to be sold as a unit. Plaintiff's motion for leave to amend his complaint was therefore properly denied.

The next question for consideration is whether the listing contract was divisible. As pointed out the contract provides that the creamery and the ice cream bar were to be sold as a unit at one price. Its terms were clear and specific as to the undertaking of the plaintiff to sell the property listed as a unit. There is no stipulation in the contract for compensation or commission to the plaintiff based upon sale of a part of the property.

The general rule as to the right of a broker to recover pro rata commission for selling part of the property is stated in 8 Am.Jur. page 1094, Sec. 178 as follows:

"Ordinarily where a broker's compensation is to be paid by commissions the whole services or duty must be performed before any right to commission arises, unless the act of the principal has prevented performance. Thus, according to the weight of authority, a broker who is authorized to sell an entire tract of land and who secures a purchase for a part of the tract only, is not entitled to compensation on the part sold either on the contract or on a quantum meruit."

In the case of Soderstrom v. White, 68 N.D. 293, 279 N.W. 306, 117 A.L.R. 391, real estate and personal property constituting a business establishment were sold under a contract reserving title in the vendor until the purchase price was paid. The purchase price was not apportioned between the personal property and the real property and it was held that the contract was entire and not divisible and that title to the personal property as well as the real property was in the vendor. The listing contract in the instant case is an entire contract, specific in its terms and clearly cannot be held to be divisible.

In the case of Cone v. Pedersen, 131 Conn. 374, 40 A.2d 274, 275, it was held that a broker was not entitled to commission on the sale of part of the property where the sales agreement included the sale of all of the property. We quote from the syllabus:

"Written contract giving real estate broker exclusive right to sell certain land for a stipulated price was an entire contract, and broker was not entitled to commissions upon the sale of a part of such land by owner."

The issues in the instant case were submitted to the jury under instructions as follows:

"The issues are comparatively simple and it is for you to determine what the true facts are under the evidence that has been submitted here. The evidence would, of course, include all of the exhibits that have been received in evidence, and in determining whether or not there was in the minds of the parties any thought or contemplation that the plaintiff would be entitled to any commission upon the sale of anything less than all of the property, you have a right to take into consideration whatever is shown by the evidence, either by the exhibits or otherwise, as to the amount of commission that was demanded after it was learned that the property had been sold. That is a circumstance that may bear upon the question of whether or not the parties contemplated the contract might be divided so that the plaintiff would be entitled to a commission upon the sale of only a part of the property."

It is significant that the jury returned a verdict of $500. This sum was not five per cent of the sale price of the creamery property, which was sold for $14,839.50, five per cent of which would have been $741.98; neither was it five per cent of the sale price of $28,500 fixed by the listing contract.

It is evident therefore that the jury found that there had been no oral executed modification of the contract upon which the

action was brought, because under the instructions of the court if there had been such oral executed contract the verdict would have been $741.98. There is no evidence in the record upon which the jury could base a verdict of $500. The listing contract upon which plaintiff brought the action provided for the sale of the creamery and the ice cream bar in one sale and at one price for both and was not a divisible contract. The plaintiff admitted that at no time had he found a buyer willing and able to buy all of the property listed in the contract. We are of the opinion that the trial court correctly granted defendant's motion for judgment notwithstanding the verdict.

The judgment is affirmed.

MORRIS, C. J., and BURKE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.