The LOUISVILLE TRUST COMPANY and Thomas C. Bean, Appellants,

v.

Herbert H. MONSKY and Bank of Louisville-Royal Bank & Trust Company, Appellees.

Court of Appeals of Kentucky.

April 25, 1969.

Rehearing Denied Sept. 19, 1969.

Wesley P. Adams, Jr., Ogden, Robertson & Marshall, Louisville, for appellants.

Freeman B. Blackwell, Louisville, for appellee Monsky.

Joseph J. Kaplan, Louisville, for appellee Bank of Louisville-Royal Bank & Trust Co.

EDWARD P. HILL, Judge.

Appellants, Louisville Trust Company and Thomas C. Bean, appeal from summary judgment in favor of appellee Herbert H. Monsky in the latter's suit to recover $6,250 held in escrow by Bank of Louisville-Royal Bank & Trust Company.

The complaint was against the Louisville Trust Company and stakeholder, Bank of Louisville-Royal Bank & Trust Company. Thomas C. Bean was permitted to intervene.

The facts disclose that on and before August 12, 1964, Thomas C. Bean was a licensed real-estate broker with a desk and secretarial services furnished by the Louisville Trust Company. Bean gave Louisville Trust Company 50 percent of his commissions, he says, to compensate it for furnishing office space and secretarial assistance.

Just prior to August 12, 1964, Bean called Monsky and asked if the latter was interested in selling his real estate consisting of a full block at Thirtieth and Chestnut Streets.

About a year later, Cabot Corporation signed a "real estate and purchase contract" addressed to Thomas C. Bean "as agent," in which Cabot agreed to purchase the property for $125,000. The only reference to an agreement to pay commission is that part which provides that "Seller will pay any real estate commission payable." Monsky accepted this offer on June 23, 1965. Pursuant thereto, on July 8, 1965, Monsky deeded the property to Cabot. A dispute arose at this time in which Monsky contended he did not agree to pay Bean a commission, or that having once agreed to pay the commission he later terminated that agreement. Bean took the position that he and Louisville Trust Company were entitled to a 5-percent commission ($6,250). Thereupon this amount was placed in escrow in Bank of Louisville-Royal Bank & Trust Company.

The trial court granted summary judgment on Monsky's motion and dismissed "the claims" of Louisville Trust Company and Bean.

Appellants' main argument for reversal is that there was a genuine issue of a material fact (whether there was a contract, expressed or implied), and hence summary judgment was improper under CR 56.03.

■ There is a sharp issue in the evidence as to whether or not there was a contract, expressed or implied, between Bean and Monsky. But Bean admits he had no written contract. The Statute of Frauds, KRS 371.010(8), provides that:

"No action shall be brought to charge any person:

\*     \*     \*     \*     \*     \*

"Upon any promise, agreement, or contract for any commission or compensation for the sale \* \* \* of any real estate or for assisting another in the sale \* \* \* of any real estate; unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent."

The statute is plain, positive, and unambiguous. It is controlling of appellants' right to sue on a verbal contract. They have no such right.

The question then arises whether appellants may recover on *quantum meruit* in the absence of a written contract or memorandum. In Nisbet v. Dozier, 204 Ky. 204, 263 S.W. 736 (1924), this court denied recovery on *quantum meruit* in a suit by a real-estate agent to recover commission on a real-estate lease transaction. The Statute of Frauds treats sales and leases of real estate as one and the same. The specific subsection (8) of the Statute of Frauds was added by a 1950 amendment to cover commissions on real estate transactions (sales and leases), but the amendment should not affect a rule allowing or disallowing *quantum meruit* recovery in the absence of a written contract, as the Statute of Frauds before the 1950 specific amendment provided that no actions shall be maintained on a contract concerning real estate.

■ Thirty years after *Nisbet, supra,* this court did an about-face in Clinkinbeard v. Poole, Ky., 266 S.W.2d 796, 41 A. L.R.2d 901 (1954), and allowed a recovery

**122**

on *quantum meruit,* which had the effect of nullifying subsection (8) of the Statute of Frauds and overruling *Nisbet,* although *Clinkinbeard* did not mention *Nisbet.* Today we depart from the rule announced in *Clinkinbeard,* which according to 41 A.L. R.2d 910 stands alone constituting the minority view. See also 12 Am.Jur.2d, Brokers, § 53, note 9.

We find that the "real estate and purchase contract" addressed to Bean and accepted by Monsky does not satisfy the requirement that there must be a written contract or memorandum signed by the party sought to be bound. It is to be noted that the offer to purchase was prepared by the buyer, whose concern was only that the buyer not be responsible for the commission. The understanding between the seller and the real-estate agent was no concern of the buyer. The offer to purchase and its acceptance by Monsky fall short of the statutory requirement. See 12 Am. Jur.2d § 45, at page 806.

The judgment is affirmed.

MILLIKEN, PALMORE, OSBORNE and REED, JJ., concur.