**Stanley R. WIGGINS, d/b/a Stan Wiggins Realty Company, Inc., Appellant,**

v.

**SCHUBERT REALTY & INVESTMENT COMPANY, Appellee.**

**No. 91–CA–002078–MR.**

Court of Appeals of Kentucky.

June 11, 1993.

Benjamin J. Hays, Hays & Hays, Winchester, for appellant.

Fred S. Bachmeyer, Lexington, for appellee.

Before JOHNSON, McDONALD and STUMBO, JJ.

JOHNSON, Judge.

Stanley R. Wiggins appeals from a judgment entered in Fayette Circuit Court which denied him a real estate sales commission from the sale of a portion of property described in an exclusive listing contract. We affirm.

On February 26, 1988, Wiggins and the appellee, Schubert Realty and Investment Company (Schubert) entered into an exclusive listing contract (Listing). The Listing described the subject property as:

> All of a certain parcel of land, consisting of 1.85 acres, zoned B–4, and improved with one (1) 15,600 sq. ft. warehouse and office building and one (1) 10,000 sq. ft. industrial bldg., with a 6,000 sq. ft. shed area attached known as 1290 Industry Road in Lexington, Kentucky.

The Listing provided for an exclusive listing period of 185 days and a "protection period" of an additional 180 days covering prospective purchasers procured by Wiggins during the initial 185–day period. On December 28, 1988, Schubert sold a portion of the property to Robert Hays for $165,-000.00. The 180–day protection period was still in effect at the date of the sale. However, Schubert refused to pay a commission to Wiggins. Wiggins then filed suit in the Fayette Circuit Court to recover a five percent (5%) commission on the $165,000.00 sale to Hays.

The parties stipulated to a number of points and submitted the matter to the trial court for determination of the legal issue

of whether a broker is entitled to a commission for the sale of part of the property described in an exclusive listing contract. However, the parties also agreed that "[i]n the event the Court determines there is an issue concerning a material fact, that issue shall be heard by the court without a jury."

Schubert had conducted negotiations with Hays regarding a possible purchase of the property by Hays before entering into the February 26, 1988 Listing with Wiggins. However, the parties stipulated that Wiggins would have been entitled to a commission had Hays purchased the entire property. Consequently, whether Wiggins was the procuring cause of the sale to Hays was not at issue in the trial court, and is not at issue in this appeal. Rather, the sole issue before the trial court was whether Wiggins was entitled to a commission for the sale of a portion of the property. The trial court cited the general rule and denied recovery of the commission. This appeal followed.

■ As noted by the trial court and both parties to this appeal, the general rule is that a real estate broker is not entitled to a commission on a sale of a portion of property unless the listing contract expressly provides otherwise. The rule has been stated as follows:

Ordinarily, where a broker's compensation is to be paid by commissions the whole services or duty must be performed before any right to commissions arises, unless the act of the principal has prevented performance. Thus, it is generally held or recognized that where a contract employs a broker to sell property and only a part of the property is sold, there can be no recovery for commissions in an action on the contract. (Footnotes omitted.)

12 Am.Jur.2d *Brokers* § 198 (1964).

The rule is set out in numerous decisions from other jurisdictions, and is the subject of an A.L.R. annotation. *See Cone v. Pederson*, 131 Conn. 374, 40 A.2d 274 (1944); *O'Daniels v. Haman*, 65 N.W.2d 266, 47 A.L.R.2d 674 (N.D.1954); W.R. Habeeb, Annotation, *Broker's Right to Commis-sion for Selling Part of Property*, 47 A.L.R.2d 680 (1956).

Both parties have made extensive references to decisions from other jurisdictions. However, this case can be resolved by applying Kentucky contract law. This has the effect of approving the general rule since the legal principles upon which the general rule is based are consistent with Kentucky contract law.

■ The Exclusive Listing Contract, after giving the description of the property subject to the contract as stated above, also states in pertinent part as follows:

In consideration of your listing for sale and undertaking to find a purchaser for *the Real Estate above described*, the undersigned, hereinafter called the Owner, gives and grants to you, hereinafter called the Agent, the sole and exclusive right for a period of 185 days from this date to sell *the same* for the sum of Five Hundred and Twenty–Five Thousand Dollars ($525,000.00). Terms: Cash or the purchaser may arrange their own financing. Possession: Landlords possession on the leased premises and full possession on the vacant premises. If *said Real Estate* is sold or exchanged during the terms of the agreement, or within One Hundred and Eighty (180) days after the expiration thereof to any person or firm to whom *the property* is submitted for consideration during the exclusive period of the listing, by the Agent, Owner or other person, for said price, or for a price and upon such terms as are acceptable to the Owner. (sic) The Owner, the administrators, executors, heirs, successors and assigns, agree to pay Agent a five percent (5%) commission of the gross sale price when the sale is consummated, or exchange price thereof.... It is understood that said agent will pay for all advertisement and will endeavor to sell *the property*.... (Emphasis added.)

As can be seen by the use of the words, "the Real Estate above described," "the same," "said Real Estate," and "the property," every reference made to property in the Listing referred back to the initial de-

scription which called for "All of a certain parcel of land. . . ." The Listing by its own words never made any reference to Wiggins selling any property other than "All of a certain parcel of land. . . ." Certainly one reasonable interpretation of the language of the Listing is that Schubert hired Wiggins to sell *all* of the land, and anything less than a sale of *all* of the land failed to meet the requirements for Wiggins to receive a commission.

The trial court ruled that the document was not subject to explanation by parol evidence. This ruling has not been appealed and is the law of this case. Accordingly, we must decide if the commission is payable by reviewing the Listing within its four corners. Since the Listing is a contract prepared by Wiggins, we are constrained to construe the document more strongly against him. *Bays v. Mahan*, Ky., 362 S.W.2d 732 (1962).

Regardless of what may be argued, the fact remains that Wiggins, as the party preparing and offering the contract to Schubert, and as the party seeking compensation for his services, had it totally within his power to include in the Listing appropriate language that would have entitled him to a commission for any qualifying sale of less than all of the land. For example, in the Listing wherein it states: "If said Real Estate is sold or exchanged during the terms of this agreement . . .," all Wiggins had to do to accomplish what he now seeks is include language such as, "or any part thereof" after the words "Real Estate."

Wiggins based his claim on the Listing. "It may be considered as well settled that there can be no recovery on an entire contract for a part performance thereof when the express contract is the basis of the suit.

But, if the contract is severable and the intention of the parties as expressed in the contract shows that it is severable, a suit may be maintained to recover on the basis of part performance. Where the contract is entire and not severable and has been only partly performed, if a party has any right of recovery it must be in a suit upon quantum meruit." *Dorsey v. Clarke*, 223 Ky. 619, 622, 4 S.W.2d 748 (1928).

We cannot say that "the intention of the parties as expressed in the contract shows that it is severable." There is no provision herein for subdividing as there was in *Dorsey*. Any claim upon quantum meruit as can be seen by *Louisville Trust Company v. Monsky*, Ky., 444 S.W.2d 120 (1969), has been rejected by our highest appellate court previously, and in any event not argued herein.

While this particular factual situation may present a case of first impression in the appellate courts of Kentucky, existing contract law in Kentucky adequately addresses the legal issues. Accordingly, we do not find it necessary to decide this case by adopting the holding of any foreign jurisdiction. Rather, under the circumstances of this case, we hold that the trial court is affirmed as to its ruling pursuant to the existing law of contracts in Kentucky.

All concur.