# Rudd v. Planters Bank & Trust Co. et al.

May 31, 1940.

Ira D. Smith, Judge.

White & Clark for appellant.

Trimble & Trimble for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the appellant, A. A. Rudd, against the appellees, the administrator and the heirs at law of Mattie Johnson, in which it was alleged that the appellant and his family in the year 1926 had moved into the home of Mattie Johnson and lived with her until the year 1928 under an arrangement by which she was to have two rooms in the house and her board in consideration of appellant's family living with her. It was further alleged that in the year 1928 the appellant decided to remove from her home, which Miss Johnson did not

desire him to do, whereupon an oral contract was entered into between her and appellant by which she would devise the house and lot to appellant if he and his family would continue to live with her till the time of her death and to furnish her board and the companionship of his family and repair, and keep in repair, the house and other outbuildings, for which repairs she was to furnish the material. It was further alleged that the appellant had fully performed his part of the contract but that Miss Johnson, who died on October 24, 1933, failed to leave a will devising the property to appellant. The prayer of the petition was that the appellees be compelled to convey the real estate to appellant or alternatively for judgment against appellees for $3,500, the value of the house and lot. The action proceeded as an equitable action and on final submission the chancellor adjudged that the appellant was not entitled to the relief sought and dismissed the petition. This appeal follows.

Appellant's son and daughter testify that they were present when a contract was made between Miss Johnson and their father. They differ on details of the contract and both of them testify that as to any repairs made on the house Miss Johnson was to furnish one-half of the materials and their father the other one-half, which is a contract somewhat different from that alleged in the petition since it was alleged that Miss Johnson was to furnish all the materials. However, in the main their testimony supported the making of a contract in substance as alleged in the petition. Mrs. Jarred E. Brown testified that Miss Johnson said to her "If Mr. Rudd stays with me as long as I live and his family is as good to me as they have been I want them to have everything I have. Mr. Rudd has agreed to stay with me and to take care of me for the place." Another witness testified that Miss Johnson said to him, in reference to appellant, "He has been awfully nice to me. If he keeps on like he has been going, I intend that he shall have everything I have." Appellant's son and daughter also testified that the family rendered some services to Miss Johnson in the way of nursing her when she was sick and that appellant made some repairs to the house and outbuildings. The evidence as to such services was very meager and we have considerable doubt that any substantial services were rendered in the way of nursing since it appears that up until a very short time be-

fore her death Miss Johnson was continuously and actively engaged in teaching a large music class. The evidence for appellant fails utterly to establish the value of the house and lot or the value of any services rendered to appellant. Not one witness attempts to place any estimate on the value of any services in the way of nursing or repairs.

It has been frequently held by this court that a contract of the character sued on herein is within the statute of frauds, Kentucky Statutes, Section 470, prohibiting the sale or transfer of land by parol. See Gibson v. Crawford, 247 Ky. 228, 56 S. W. (2d) 985, and cases therein cited. The law with reference to cases of this character was fully reviewed and covered in Walker v. Dill's Administrator, 186 Ky. 638, 218 S. W. 247, 249, in which it was said:

"In cases of this kind we have frequently held that an action could not be maintained for specific performance because the contract is within the statute of frauds, prohibiting the sale or transfer of land by parol, and, further, that a part performance of a contract, such as the performance of service or the delivery of consideration, will not take the contract out of the statute of frauds. Doty's Admr., etc., v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A., N. S., 713, 4 Ann. Cas. 1064; Grant v. Craigmiles, 1 Bibb [203], 205; Hayden v. McIlvain, 4 Bibb [57], 58; Holtzclaw v. Blackerby, 9 Bush 40.

"But holding the statute of frauds, not a sword, but only a shield, we have frequently written that one who has performed his part of a contract, similar to the one under consideration, and the other party has failed, as in this case, the one performing may recover, not the specific property, but its value or equivalent. Doty's Admr. v. Doty's Guardian, supra; Benge v. Hiatt's Admr., 82 Ky. 666, 6 Ky. Law Rep. 714, 56 Am. Rep. 912; Stowers v. Hollis, 83 Ky. 544; 7 Ky. Law Rep. 549; Mercer v. Mercer, 87 Ky. 30, 9 Ky. Law Rep. 870, [884], 7 S. W. 401, and other cases cited. In the recent case of Duke's Admr. v. Crump, 185 Ky. [323] 325, 215 S. W. [41], 42, we said: 'While it is true that there is a class of cases holding that for a breach of con-

tract to devise the measure of recovery is the value of the property agreed to be devised, it will be found that that rule is confined to cases where the benefit to the intestate cannot be measured in money, and there is no way to determine the amount of recovery, except by the pecuniary standard fixed by the parties to the contract'—and further that, where 'the benefit to the intestate could be measured by ascertaining the reasonable value of plaintiff's services, and no resort to the standard fixed by the contract was necessary,' then the plaintiff is entitled to recover only the value of the services performed, and not the amount fixed by the contract. In other words, in cases in which it is possible to determine from the evidence the reasonable value of the services performed, this will be the measure of recovery, but where the thing done or services performed [are] of such nature as not to admit of a reduction to a monetary value, then the contract made between the parties will be received to fix the value; and in case where lands or other property is agreed to be devised, the value of such property or land will be considered as the measure of recovery, though the thing itself cannot be recovered nor the contract specifically enforced.''

Later cases approving the doctrines thus enunciated are Gibson v. Crawford, supra, and Haralambo's Administrator v. Christopher, 231 Ky. 550, 21 S. W. (2d) 983.

From this statement of the law it is apparent that appellant had no cause of action whatever for specific performance of the contract and had no cause of action of any kind against the heirs at law. It is further apparent that the only cause of action in appellant's behalf was one against the administrator for the value of services rendered by him since the benefit to the intestate could be measured by ascertaining the reasonable value of appellant's services and no resort to the standard fixed by the contract was necessary. It is a simple matter to prove the value of personal services and, such being the case, the reasonable value of the services performed furnishes the measure of recovery. Haralambo's Adm'r v. Christopher, supra.

As pointed out above there was an utter failure to

prove the value of services rendered and the trial court had before it no criterion upon which it could render judgment in appellant's behalf. Even though this were the character of case in which the value of the property was the criterion of recovery there was no proof introduced as to this. Apparently, appellant's counsel, in taking the depositions, was practicing the case upon the theory that appellant was entitled to specific performance and failed to introduce such proof for this reacon. In any event, there was no evidence as to value in the record and the trial court was therefore justified in denying a recovery.

Under ordinary circumstances it might be said in a situation of this kind that the plaintiff is entitled to judgment for a nominal sum but that could not be true here because mutual services were being rendered by the parties—Miss Johnson was receiving the benefit of board furnished by appellant and services, if any, rendered by him and appellant was receiving the benefit of residing with his family in Miss Johnson's home. Under the proof there was no way for the trial court to know which was of the greater value and in these circumstances it was clearly his duty to deny a recovery.

Judgment affirmed.