## Carpenter et al. v. Carpenter.

April 24, 1945.

A. H. Patton and W. R. Prater for appellants.
Williams & Allen for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Stephen P. Carpenter, a resident of Breathitt county, Kentucky, died intestate on November 29, 1939. He left as his only heirs at law nine children, all more than 21 years of age. Mrs. Stephen P. Carpenter died in September, 1939. On June 20, 1940, eight of the children brought an action in the Breathitt circuit court against their brother, Dewey Carpenter, in which they sought a division, or sale, of a tract of land consisting

of 150 acres owned by their father at the time of his death. They alleged in their petition that Stephen P. Carpenter, at the time of his death, was a widower; that he owed no debts, and that the land described in the petition was the only real estate owned by him. The defendant, Dewey Carpenter, in the second paragraph of his answer and counterclaim, alleged that in 1923 he entered into a contract with his father, Stephen P. Carpenter, by the terms of which the latter agreed to give the defendant one-half of the tract of land described in the petition on condition that the defendant and his wife move into the house occupied by Stephen P. Carpenter and his wife, and live with and take care of them until their death, and that he and his wife moved into his father's home and for a period of 16 years took care of, provided for, and waited upon Stephen P. Carpenter and his wife, and that he fully performed all the duties imposed upon him by the contract but that Stephen P. Carpenter had not complied with the terms of the contract in that he failed to convey to the defendant or devise to him one-half of the tract of land, and that he was thereby damaged in the sum of $2,500, the fair value of one-half of the land described in the petition. The plaintiffs moved the court to strike the second paragraph of the answer and counterclaim on the ground that the defendant had no claim against them but the alleged claim was against the estate of Stephen P. Carpenter, deceased. An order was entered sustaining the motion to strike, but later this order was set aside and the motion to strike was overruled. A general demurrer to the second paragraph of the answer and counterclaim was overruled, and a reply completed the issues. The case was transferred to the common law docket, and on a trial before a jury a verdict for the defendant for $2,500 was returned and he was adjudged a lien for that amount upon the land which was ordered sold. The plaintiffs have appealed, and first insist that the court erred in overruling their motion to strike the counterclaim. They rely upon Rudd v. Planters Bank & Trust Co., 283 Ky. 351, 141 S. W. 2d 299, 301, where the court, after stating the law in respect to an oral contract similar to the one here involved, said: ''From this statement of the law it is apparent that appellant had no cause of action what-

ever for specific performance of the contract and had no cause of action of any kind against the heirs at law. It is further apparent that the only cause of action in appellant's behalf was one against the administrator for the value of services rendered by him."

In the Rudd case, A. A. Rudd sued the administrator and heirs at law of Mattie Johnson to recover for services rendered to the decedent during her lifetime under an oral contract by the terms of which the decedent agreed to devise to him a house and lot if he and his family would continue to live with her until the time of her death and to furnish her board and the companionship of his family. It did not appear in that case that the administrator did not have in his hands personal property belonging to the estate of the decedent. In the case before us, the appellee alleged in his counterclaim that Stephen P. Carpenter owned no personal property at the time of his death. This allegation was not denied. All of the decedent's property, consisting of the 150-acre tract of land described in the petition, had passed to and vested in his heirs at law. Under these circumstances, the heirs at law are liable to a direct action by a creditor. KRS 396.070 and 396.080. This avoids a circuity of action. Nor is it necessary in an action by a creditor under these sections of the Statutes that the claim be proved or demanded before the institution of the suit. Lay v. Lay, 201 Ky. 93, 255, S. W. 1054. In Maynard v. Maynard, 178 Ky. 332, 198 S. W. 910, Thomas V. Maynard died intestate the owner and in possession of a tract of land worth about $6,000. His heirs instituted an action against the widow for a partition of the land. The widow, by way of counterclaim, alleged that the decedent's estate was indebted to her in the sum of $1,000 for money borrowed by the decedent, and she asked judgment for that amount and that she be adjudged a lien on the land. The personal representative was not made a party to the action. The lower court adjudged to the widow a lien upon the land for $1,000, and on the appeal by the heirs it was contended that the judgment was void because the claim was not verified as claims against a decedent's estate are required to be by sections 3870-3874, Kentucky Statutes, inclusive, KRS 396.010 and 396.020. The judgment was affirmed, and, in the course of the opinion, it was

said that under section 2089, Kentucky Statutes, KRS 396.080, an heir or devisee may be sued in equity for any liability of the decedent, and the creditor may obtain a lien on any specified property descended or devised not theretofore aliened. It was held that there was no necessity for a demand upon the personal representative, and, while the claim should have been verified before judgment, the appellants' right to have it verified was waived where, as here, they failed to move for a rule to require verification of the claim.

Appellants also insist that the evidence offered by appellee was not sufficient to establish the contract alleged in his counterclaim, since appellee was the son of the decedent and lived in decedent's home and the relationship was such as to raise the presumption of gratuity or mutuality of benefits. Appellee relies upon an express contract with his father. One of the well-established rules in cases of this character is that where there is a close relationship between the parties and the claimant relies exclusively upon an express contract, such contract must be established by clear and convincing proof, but "to establish an express contract it is not necessary that the evidence show a categorical promise by the recipient to pay or by the performer to render the services for a consideration; it being sufficient to prove that the recipient expected to pay and that the performer expected to receive compensation." Gayheart's Adm'r v. Gayheart, 287 Ky. 720, 155 S. W. 2d 1, 3; Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. 2d 459. Several witnesses testified that Stephen P. Carpenter expressed an intention to pay appellee for his services. Where there is a close relationship between the parties, such evidence is not sufficient to establish an express contract, but only shows an unexecuted intention on the part of the decedent. However, two witnesses, Clarence Frazier and Leatha Landrum, sister of appellee's wife, testified that the decedent stated in their presence that he had entered into a contract with appellee whereby the later was to have one-half of the farm if he continued to live with his father and mother and took care of them until their death. The evidence was sufficient to take the case to the jury on the issue as to whether an express contract had been entered into.

Instruction No. 2 given by the court reads as follows: "If you find for the defendant you will award him such sum as damage as you may believe from the

evidence to be the fair cash value of one-half of said farm."

This instruction is erroneous for two reasons. (1) There was no evidence as to the value of the farm. Depositions were taken on the issue made as to the divisibility of the farm, and the witnesses fixed the value at various amounts ranging from $3,500 to $5,000, but this proof was not before the jury. (2) Under the facts of the case, the measure of recovery is incorrect. An oral agreement to convey or devise real estate to another in consideration for services to be performed is within the statute of frauds and cannot be enforced, but the party performing the services may recover their reasonable value. It is only where the services performed are of such nature as not to admit of a reduction to monetary value that the contract made between the parties may be resorted to in order to fix the value. In Duke's Adm'r v. Crump, 185 Ky. 323, 215 S. W. 41, 42, it was said: "While it is true that there is a class of cases holding that for a breach of a contract to devise the measure of recovery is the value of the property agreed to be devised, it will be found that that rule is confined to cases where the benefit to the intestate cannot be measured in money, and there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract."

Other cases approving this rule are Rudd v. Planters Bank & Trust Co., 283 Ky. 351, 141 S. W. 2d 299; Sneed's Ex'r v. Smith, 255 Ky. 132, 72 S. W. 2d 1028; Lee v. McCrocklin's Adm'r, 247 Ky. 44, 56 S. W. 2d 570; Hinton v. Hinton's Ex'r, 239 Ky. 664, 40 S. W. 2d 296; Haralambo's Ex'r v. Christopher, 231 Ky. 550, 21 S. W. 2d 983; Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089. As was said in the Rudd case [283 Ky. 351, 141 S. W. 2d 301]: "It is a simple matter to prove the value of personal services and, such being the case, the reasonable value of the services performed furnishes the measure of recovery." In Jordan's Adm'x v. Burton, 281 Ky. 309, 135 S. W. 2d 684, it was held that under the peculiar facts of that case the measure of recovery was the value of the property promised, but there the claimant was placed in the home of the decedent when he was 4½ years of age and there were compensating equities which rendered it impossible to measure the net benefits to the deceased party by the ordinary pecuniary standards.

Both appellee and his wife testified at length concerning transactions with and acts done and omitted to be done by the decedent. The testimony was admitted over the objections of appellants, but at the close of all the evidence the court instructed the jury not to consider the testimony of Dewey Carpenter and Mrs. Dewey Carpenter. It is argued that this came too late and did not cure the prejudicial effect of the testimony theretofore admitted. The testimony was incompetent, but it is unnecessary to consider the point raised by appellants since the judgment must be reversed because it is based on an incorrect measure of recovery.

It is argued that with the testimony of appellee and his wife eliminated there is no evidence that he performed the services which he agreed to perform under the contract, but as the evidence may be different on another trial, we express no opinion on this phase of the case.

The judgment is reversed for proceedings consistent herewith.