# Head et al. v. Schwartz' Ex'r.

May 20, 1947.

Sidney B. Neal, Judge.

John F. Wood and Wilson and Wilson for appellants.

R. Miller Holland for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This is an appeal from a judgment dismissing the plaintiffs' petition after a demurrer thereto had been sustained and plaintiffs had declined to plead further.

Lila Hayden Schwartz died testate May 20, 1946, and Noel Hayden was nominated in her will as her executor. On August 28, 1946, Clarence G. Head and Mary Roxie Head, his wife, brought this action against the executor to recover damages in the sum of $10,000 for the breach of an alleged oral contract by the decedent to devise certain real estate to them. Mrs. Schwartz, a widow, owned a farm in Daviess county consisting of a 40-acre improved tract and a 76-acre unimproved tract. Mr. and Mrs. Head were tenants on the farm. They alleged in their petition that for several years prior to 1941 they resided upon the 40-acre tract and managed and cultivated it along with the unimproved 76-acre tract; that they had a family consisting of themselves and ten children, which constituted a force sufficiently large to operate a much larger farm and they were contemplating moving to a larger and more productive farm; that in 1941 or 1942 Mrs. Schwartz proposed to them that if they would agree to remain upon her farm and manage and cultivate it she would make a will leaving to them the 76-acre unimproved tract to be theirs absolutely; that they accepted the proposition, and remained upon the farm during the remainder of the life of Mrs. Schwartz; that they made improvements upon the 76-acre tract at their own expense, and fully carried out their part of the contract; that in September, 1944, Mrs. Schwartz did execute a will wherein she devised the 76-acre unimproved tract of land to the plaintiff Clarence G. Head; that thereafter in the year 1945, while under the domination and influence of others and while she was quite ill and in violation of her agreement with the plaintiffs, she executed another will wherein she devised the 76-acre tract to other persons and failed to make any devise to the plaintiffs or either of them. Appellants argue on this appeal that an oral contract to devise land can be enforced where the contract has been fully performed by the promisee, and a number of cases are cited in support of their contention. An examination of these cases reveals that they fall in one of three classes: (1) Cases involving agreements not to be performed within one year from the making there-

of where one of the parties has fully performed his part; (2) cases involving written agreements to convey or devise land; and (3) cases where the benefit to the intestate cannot be measured in money, and there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract. Berry v. Graddy, 58 Ky. 553, is an example of the first class, and Wides v. Wides' Ex'r, 299 Ky. 103, 184 S. W. 2d 579, is an example of the second class.

This court has uniformly held that a contract of the character sued on herein is within the statute of frauds, KRS 371.010, prohibiting the sale or transfer of land by parol, and an action for specific performance cannot be maintained. Carpenter v. Carpenter, 299 Ky. 738, 187 S. W. 2d 282; Rudd v. Planters Bank & Trust Co., 283 Ky. 351, 141 S. W. 2d 299; Gibson v. Crawford, 247 Ky. 228, 56 S. W. 2d 985. Performance by the promisee in an oral agreement to devise land does not take the contract out of the provisions of the statute of frauds. In Maloney v. Maloney, 258 Ky. 567, 80 S. W. 2d 611, 613, the court said:

"The rule that part performance operates to take a contract out of the provisions of the statute of frauds so as to permit its enforcement, notwithstanding the absence of a signed writing evidencing the contract, has never been approved or followed in this jurisdiction. On the contrary we have repudiated it, as will be seen from the cases of Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254, and Rhinehart v. Kelley, 145 Ky. 470, 140 S. W. 653. But to that nonaccepted rule we have adopted an exception with reference to that provision of our statute of frauds requiring that agreements not to be performed within one year from the making thereof to be in writing, so as to give the contract effect and enforceability where one of the parties has fully performed his part and the other one has by its terms a longer time than one year in which to perform his part, and which was the situation, as well as the character of contracts involved, in the Dant and other cases relied on by plaintiff's counsel.

"One of our cases, confining the part performance doctrine to only the character of contract referred to, is that of Beckett-Iseman Oil Co. v. Backer, 165 Ky.

818, 178 S. W. 1084, in which we said: 'Whatever may be the rule in other jurisdictions, it is the settled law in this state that, with the exception of contracts not to be performed within a year, part performance will not take the case out of the statute, though a party may have equitable rights which he may enforce. Dant v. Head, 90 Ky. 255, 13 S. W. 1073, 12 Ky. Law Rep. 153, 29 Am. St. Rep. 369; Usher's Ex'r v. Flood, 83 Ky. 552; Id. 17 S. W. 132, 12 Ky. Law Rep. 721.' ''

This is the general rule. Restatement of the Law of Contracts, Volume 1, section 197, illustration 5, and section 198. An action for specific performance or for damages for the breach of an oral contract to convey or devise real estate cannot be maintained, but the general rule is that a party who fails or refuses to comply with a contract, unenforceable by reason of the statute of frauds, after having derived benefits from a part performance by the other party is liable upon a quantum meruit for the benefits conferred upon him. So, while an action cannot be maintained upon an oral contract to devise real estate as compensation for services to be rendered, yet if the promisee has performed the contract by rendering the required services, a contract to pay the reasonable value of the services rendered is implied and an action will lie against the personal representative of the decedent on a quantum meruit to recover the value of the services. We have so held in numerous cases. Rudd v. Planters Bank & Trust Co., 283 Ky. 351, 141 S. W. 2d 299. Hinton v. Hinton's Ex'r, 239 Ky. 664, 40 S. W. 2d 296; Haralambo's Ex'r. v. Chistopher, 231 Ky. 550, 21 S. W. 2d 983, and cases therein cited. The difficulty arises in cases where the benefit to the intestate cannot be measured in money, and there is no satisfactory way to determine the amount of recovery except by the pecuniary standards fixed by the parties to the contract. There is apparent conflict in our opinions in this class of cases as to whether the value fixed by the contract is controlling or is merely admissible in evidence to show what the parties understood a reasonable compensation to be. Jordan's Adm'r v. Burton, 281 Ky. 309, 135 S. W. 2d 684; Sneed's Ex'r v. Smith, 255 Ky. 132, 72 S. W. 2d 1028; Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089; Waters v. Cline, 121 Ky. 611, 85 S. W. 209, 750, 123 Am. St. Rep.

215.  In either event, the statute of frauds is practically overruled, but we have held in a long line of decisions that in an action on the quantum meruit, if the value of the services cannot be readily determined, the contract price may be offered in evidence to show the value placed on the services by the parties, and we are not disposed now to depart from that rule.  It is not necessary to point out the inconsistencies in the opinions as to the effect to be given such evidence, since the present case does not fall in the class of cases where the value of the services cannot be measured in money.  In any event, appellants' proper remedy was an action on the quantum meruit for the value of the services rendered. They elected, however, to sue for damages for breach of contract.  The present case is on all fours in this respect with Maloney v. Maloney, 258 Ky. 567, 80 S. W. 2d 611, 614, where the plaintiff sued to impress a trust upon certain property devised to his uncles by his aunt, who, as he alleged, had orally agreed to devise it to him if he would live in her home and perform the services usually performed by a son.  The circuit court dismissed the petition, and this court affirmed the judgment on the ground that the plaintiff had not adopted the proper procedure.  In the opinion it was said: "Plaintiff does not seek remuneration based upon a quantum meruit nor any relief other than specific performance or the impressing of a trust upon the property embraced in the residuary clause of his aunt's will, and which latter is tantamount to, and closely allied with, specific performance.  We therefore have no question as to what might be his right, if any, under a different procedure."

It follows from what has been said that the circuit court properly sustained the demurrer to the petition.

The judgment is affirmed.