## Cheatham's Ex'r v. Parr.

October 5, 1948.

James F. Clay and Henry Jackson for appellant.

Eversole & Eversole for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

This is a suit by appellee against appellant for damages for breach of contract by decedent, Fannie P. Cheatham, to devise the balance of her estate, after payment of debts and certain bequests, to appellee in payment for services rendered to her during her lifetime. From a judgment for $9,195 plus interest and costs, appellant prosecutes this appeal.

### Facts in the Case.

Fannie Parr Cheatham, a colored woman, died March 8, 1946, at the age of seventy-seven years. She left an estate in excess of $30,000 which included four houses in the city of Danville, Ky. Her husband had prede-

ceased her and she was childless. Surviving her were four sisters and one brother, appellee herein. In her will dated August 6, 1943, and probated March 26, 1946, she bequeathed various amounts to each of her sisters, except Lizzie Parr, and to various nieces and nephews and to the different colored churches in Danville. Neither her sister, Lizzie Parr, nor her brother, George Parr, appellee herein, was mentioned in her will. Shortly after her death this suit was brought by appellee against her executor in which it was alleged in substance that in 1938, when deceased was seventy years of age, sick and infirm, and living alone with no one to look after her, she sent for appellee, her brother, and proposed that he take her to his home, furnish her with room and food, and care for her as a member of his family and look after and manage her property in return for which she would make a will leaving appellee all of her property, personal and real, except about $3,500 in bequests she desired to make to others; that he accepted her proposition and took deceased to his home on September 18, 1938, where she remained until August 26, 1941, at which time she left and went to the home of two of her sisters but returned to his home in October 1941, and remained there until May 1, 1942, when she returned to the home of her sisters where she remained until her death; that during all the time decedent lived at his home he performed for her all the services and all the duties and obligations imposed upon him under their agreement, furnishing her housing, food, nursing and giving her special care and attention, looking after her property, etc. The basis of the suit therefore is damages for breach of a contract to devise in consideration of the services rendered by appellee to deceased. This he fixes at $30,-000, which he estimates is the value of the balance of her estate after payment of her funeral expenses and special bequests and which sum he alleges she fixed as the value of the services he was to render her. A general denial of the allegations of the petition made up the issues.

On the first trial of the case the jury brought in a verdict in favor of the plaintiff, appellee, in the sum of $8,140. Defendant was granted a new trial and on the second trial the jury brought in a verdict for $9,-900 subject to a credit of $705, leaving a balance of $9,-

195. Motion for a new trial was overruled, followed by this appeal.

## Points on Appeal

In his brief appellant urges as grounds for reversal: (1) that appellee is not entitled to maintain this action because it is one for specific performance of an oral contract to devise real estate, is within the statute of frauds and there was no sufficient writing to take the case out of that statute; (2) that appellee did not prove a contract with deceased; (3) that appellee did not perform the obligations he claims to have undertaken; and (4) the proper measure of damages was not applied in arriving at the verdict. Since the case must be reversed for the reasons herein indicated, it will not be necessary to consider all of these grounds.

■ Appellant contends that this is a suit for specific enforcement of a contract to make a will and since part of the property to be willed is real estate, as shown in the petition, such a contract is within the statute of frauds and cannot be specifically enforced. He cites and relies on Head v. Schwartz, Ex'r, 304 Ky. 798, 202 S. W. 2d 623, and cases therein cited. He further contends that even if deceased executed a will carrying out the terms of the alleged agreement, such signed will is not a sufficient memorandum to take the case out of the statute of frauds, citing Gibson v. Crawford, 247 Ky. 228, 56 S.W.2d 985.

This court has uniformly held that a contract to devise real estate is within the statute of frauds, KRS 371.010, prohibiting the sale or transfer of land by parol and an action for specific performance cannot be maintained, Carpenter v. Carpenter, 299 Ky. 738, 187 S.W.2d 282; Gibson v. Crawford, 247 Ky. 228, 56 S.W.2d 985. Performance by the promisee in an oral agreement to devise land does not take the contract out of the provisions of the statute of frauds, Maloney v. Maloney, 258 Ky. 567, 80 S. W. 2d 611. However, we do not construe this suit as one for specific performance of a contract to transfer real estate by devise but rather as a suit for damages for breach of an express contract to devise the residue of decedent's estate. This is clearly shown by the following excerpt from the plaintiff's petition and the prayer thereof:

"The plaintiff, George Parr, states that because of the foregoing breach of said contract as set out herein on the part of the said Fannie P. Cheatham in her lifetime with this plaintiff he has been damaged in the full and just sum of $30,000.00, the value of the remainder of the estate of Fannie P. Cheatham after the payment of her just debts including burial expenses, hospitalization and doctor bills and the itemized bequests as set forth in the will drawn by Joseph Clark, attorney.

"Wherefore: The plaintiff, George Parr, prays judgment against the defendant, Sanders E. Clay, Executor of the estate of Fannie P. Cheatham, deceased, in the sum of $30,000.00 with interest thereon from the 18th day of July 1946 until paid and that he be adjudged a lien against the estate of Fannie P. Cheatham deceased to the extent of $30,000.00, the amount of said claim. He prays for his cost herein expended and for all proper and equitable relief to which he may appear entitled in the premises."

But whether a suit for specific performance or for damages for the breach of an oral contract to devise property which includes real estate, such action cannot be maintained. As was said in the recent case of Head v. Schwartz supra [304 Ky. 798, 202 S.W.2d 625]: "An action for specific performance or for damages for the breach of an oral contract to convey or devise real estate cannot be maintained, but the general rule is that a party who fails or refuses to comply with a contract, unenforceable by reason of the statute of frauds, after having derived benefits from a part performance by the other party is liable upon a quantum meruit for the benefits conferred upon him. So, while an action cannot be maintained upon an oral contract to devise real estate as compensation for services to be rendered, yet if the promisee has performed the contract by rendering the required services, a contract to pay the reasonable value of the services rendered is implied and an action will lie against the personal representative of the decedent on a quantum meruit to recover the value of the services. We have so held in numerous cases. Rudd v. Planters Bank & Trust Co., 283 Ky. 351, 141 S.W.2d 299; Hinton v. Hinton's Ex'r, 239 Ky. 664, 40 S.W.2d 296; Haralambo's Ex'r v. Christopher, 231 Ky. 550, 21 S.W.2d 983, and cases therein cited. * * * In any event, appellants'

proper remedy was an action on the quantum meruit for the value of the services rendered. They elected, however, to sue for damages for breach of contract. The present case is on all fours in this respect with Maloney v. Maloney, 258 Ky. 567, 80 S.W.2d. 611, 614, where the plaintiff sued to impress a trust upon certain property devised to his uncles by his aunt, who, as he alleged, had orally agreed to devise it to him if he would live in her home and perform the services usually performed by a son. The circuit court dismissed the petition, and this court affirmed the judgment on the ground that the plaintiff had not adopted the proper procedure. In the opinion it was said: 'Plaintiff does not seek remuneration based upon a quantum meruit nor any relief other other than specific performance or the impressing of a trust upon the property embraced in the residuary clause of his aunt's will, and which latter is tantamount to, and closely allied with, specific performance. We therefore have no question as to what might be his right, if any, under a different procedure.' ''

We think the principles laid down in the Head-Schwartz case, one of our most recent cases, are controlling here. Appellee's suit was based on the express contract and was for damages for the breach of that contract. His proof was directed at showing and did tend to show that deceased executed a will in accordance with the agreement but later executed a new will which left her property to others and thus nullified her agreement with appellee. His proof also showed that at the time of her death deceased owned four houses and that her estate was valued at from $40,000 to $45,000. He introduced proof to show that he had performed the services agreed to and some proof as to the value of those services. The whole theory of his case was based on this contract to devise and damages for its breach. Instructions Nos. 1-a and 2-a, offered by appellee as plaintiff, were to the effect that if the jury believed from the evidence that the contract referred to in the petition was entered into and that appellee performed his part of the contract, the jury would find for the appellee the whole of her estate, less debts and specific devises of $3,100, or damages for the breach of said contract of a sum equal to the residue of the whole estate after debts and specific devises were paid. The trial court refused

these instructions but instead gave instruction No. 1 which was in substance that if the jury believed from the evidence that the contract referred to was entered into and the services were rendered by appellee pursuant to said agreement, it should find for appellee the reasonable and customary value of such service not to exceed $9,900, the amount he claims, subject to a credit of $15 per month paid while deceased was at home of appellee.

It will thus be seen that appellee's pleading and proof were based on the express contract and damages for its breach, and the instructions allowed recovery on the quantum meruit with no definite guide for the jury on which it could base a proper verdict. Instruction No. 1 given by the court was improper in view of the pleadings and proof. It would have been proper if his cause of action had by pleadings and proof been based on the quantum meruit, that is, the value of the services performed by him in reliance on the alleged contract breached by decedent. There were no such pleadings. Appellee having relied on an express contract in his pleadings, he cannot recover on an implied contract which was not pleaded. As was said by this court in Benges Adm'r v. Fouts, 163 Ky. 796, at page 805, 174 S.W. 510, at page 514, quoting from Newton's Ex'r v. Field, 98 Ky. 186, 32 S.W. 623: "But the case before us is based on an express agreement to pay for services at a particular time and in a particular way; the defendant's testatrix agreeing to make a will by which she would, in some of its provisions, make compensation to the appellee for the services rendered. The breach of the contract is then set forth, and upon the hearing it turns out that no such contract was made, and therefore the appellee must go out of court or amend her petition so as to recover upon a quantum meruit. There is a fatal variance between the contract as alleged and that the law would imply by reason of the services having been rendered at the request of the defendant. It is not pretended that this action is based upon an implied contract, but that, as the express contract has failed for want of proof, a recovery may be had without pleading upon an implied agreement. This cannot be done. (Citing cases.)"

For the reasons herein indicated, the judgment is

reversed for further proceedings consistent with this opinion.

Judgment reversed.