## Vest v. Searce's Adm'r.

February 7, 1950.

J. Wirt Turner, Judge.

182

Victoria V. Gilbert and Robert B. Hardison for appellant.

Bernard Davis and W. W. Jesse, guardian ad litem, for appellee.

JUDGE HELM—Reversing.

C. L. Searce lived in the home of appellant, Anna Vest, to whom he was not related, from the latter part of 1943 until September, 1946. After his death on February 21, 1947, at the age of 81 she filed claim with his administrator for $3,285 for nursing services and extraordinary care furnished him during the time he lived at her home. The administrator filed a petition in equity, asking the advice of the court. This claim, along with others, was reported as allowable by the Master Commissioner of the Shelby Circuit Court. Exceptions were filed.

Mrs. Vest filed answer and counterclaim, alleging that the decedent, C. L. Searce, came to her home in an aged and infirm condition; that he agreed to pay her $1 a day for board, and recognizing that he would require nursing and special care, he further promised Mrs. Vest if she would board him and take care of him in his infirmity he would buy her a home; that she, at his special instance and request, did furnish him during the period 1943 to 1946 practical nursing care and other extraordinary care due to his enfeebled condition; that during his lifetime he failed to buy a home for her, as he had agreed; that the extraordinary care and services were reasonably worth the sum of $3 a day, amounting to $3,285.

Proof was taken and the Chancellor adjudged that the claim of appellant "be and the same is refused * * *. That there is a failure of proof of any legally enforcible contract existing between the decedent, C. L. Searce, and the claimant Anna Vest * * * of any sum * * * in excess of the amount of $1.00 per day which is admit-

tedly already paid." From that judgment Mrs. Vest appeals.

For reversal she sets out that this is not a suit for specific performance of an express contract, but is a suit upon a quantum meruit or implied contract.

The wife of C. L. Searce, a successful farmer of Shelby County, died when he was about 76 years of age. Searce being without a housekeeper, Mrs. Vest and her stepson went to reside with him at his home on the farm in 1941. Mrs. Vest kept house for him and the stepson cultivated his farm. Later, Mrs. Vest and her stepson left the farm and returned to Shelbyville. Decedent sold his farm and was in Georgia and Florida for some time. In the latter part of 1943 Searce returned to Shelbyville. He had relatives and many friends about Shelbyville but he went to the home of Mrs. Vest, where she resided with her stepson, and arranged with her to make his home with them. For her it is shown that he agreed to pay her $1 a day for board, and agreed that if she would take care of him he would buy a home and deed it to her. It is shown that he kept his clothes and personal effects there and regarded Mrs. Vest's home as his home. Occasionally he would visit his children or other relatives for short periods. During the time he made his home with Mrs. Vest he was not in good health. He was treated by physicians for various diseases, including heart trouble, kidney trouble, hardening of the arteries, and asthma. He was a man of some means, a positive character, prone to have his own way.

Dr. Nash rendered Searce professional services a good many times during the years 1944, 1945 and 1946, when he was living at the home of Mrs. Vest. He had "kidney trouble, hardening of the arteries, heart trouble, and asthma." His condition required "average nursing." Those conditions made it necessary for him to be up at night, propped up in bed, "lots of times up in a chair, lots of nights he couldn't sleep at all."

Mrs. Vest's stepson, Ralph, said that on account of his asthma Searce would require attention at night; that Mrs. Vest would be up with him; would give him medicine, and in cold weather would start a fire and get extra bed clothes for him; that oftentimes, when he would have attacks of asthma, he would have to be propped up.

It is shown that in addition to rendering necessary services to Searce because of his feeble condition, illness and confinement, she also did his washing and ironing. It is shown that Mrs. Vest was a careful housekeeper, a good cook, and a practical nurse; that the extraordinary services she rendered Searce were worth from $3 to $5 a day.

It appears that in October, 1946, Searce went to the home of his daughter, Mrs. Crum, in Louisville in order to secure special treatments. He remained there until he died. Mrs. Crum filed claim for $60 a week for the 26 weeks she cared for her father. The court allowed her $654.

Appellee maintains that appellant actually rests her claim on an express contract and is not entitled to a quantum meruit recovery, and that if a recovery on quantum meruit were allowed, there is complete absence of proof of substantial service rendered. It is true that Mrs. Vest set out the original oral contract, but, recognizing that an oral contract to deed a home is not enforcible, she bases her action on an implied contract for services rendered.

It is shown that Searce told a number of people that he was going to buy a home and deed it to Mrs. Vest; that Searce told Mr. Dedman, a real estate agent, that he wished to buy a home which would cost about $4,000, and that he expected to deed such a home to Mrs. Vest.

In Carpenter v. Carpenter, 299 Ky. 738, 187 S. W. 2d 282, 285, we said: "* * * An oral agreement to convey or devise real estate to another in consideration for services to be performed is within the statute of frauds and cannot be enforced, but the party performing the services may recover their reasonable value."

In Head et al. v. Schwarz' Ex'r., 304 Ky. 798, 202 S. W. 2d 623, 625, we said: "* * * while an action cannot be maintained upon an oral contract to devise real estate as compensation for services to be rendered, yet if the promisee has performed the contract by rendering the required services, a contract to pay the reasonable value of the services rendered is implied and an action will lie against the personal representative of the decedent on a quantum meruit to recover the value of the services.

We have so held in numerous cases. * * *'' See 9 Ky. Digest, Frauds, Statute of, Key 138(4).

There is conflict in the testimony as to the exact date Searce came to live with Mrs. Vest, and it is shown that he was away visiting his relatives for some two or three months during the time he stayed there. It appears that he did stay with her for at least 2½ years. The value of the unusual and extraordinary services she rendered him was placed at varying amounts by the different witnesses. We believe that under all the facts and circumstances of this case Mrs. Vest is entitled to at least $1.50 a day for these services during the 2½ years Searce stayed with her, or $1,368, this in addition to the $1 a day paid her for board.

The judgment of the Chancellor is reversed with direction for the entry of a judgment in conformity with this opinion.