**CLINKINBEARD  v.  POOLE et al.**

Court of Appeals of Kentucky.

March 5, 1954.

Rehearing Denied April 30, 1954.

Harbison, Kessinger, Lisle & Bush, Lexington, for appellant.

John Y. Brown and Harry B. Miller, Jr., Lexington, for appellees.

DUNCAN, Justice.

Appellant, a real estate broker, seeks recovery of a commission for his services in obtaining a purchaser for certain real property owned by appellees in Fayette County, Kentucky. The determination of the appeal requires our construction, for the first time, of the 1950 amendment to KRS 371.010 by which a new class of agreements is included within the statute of frauds. The relevant facts are admitted by appellees' general demurrer.

On or about July 15, 1950, appellees orally listed with appellant for sale certain real property in the city of Lexington, Kentucky, known as No. 238 Henry Clay Boulevard. On August 31, 1950, appellant obtained a written offer from Mr. and Mrs. George H. Clare for the purchase of this property in the sum of $24,900. The offer was submitted to appellees and accepted by them in writing on September 1, 1950. Under the terms of the written offer and acceptance, appellees were to execute and present to Mr. and Mrs. Clare a deed to said property, and to deliver possession on or before October 31, 1950. Appellees failed and refused to execute and present the deed or to give possession and informed the Clares that they would not deliver possession of the property as agreed. On October 31, 1950, the proposed purchasers were willing and able to perform their obligations under the agreement and were prevented from doing so only by the failure of the appellees to perform their part of the agreement. At the time of the listing, appellees orally agreed to pay appellant for his services in procuring a buyer a commission based on a sliding scale percentage of the purchase price, which in this case amounts to $897. Appellees have failed and refused to pay the commission or any part thereof.

Appellees filed a general demurrer to appellant's petition which was at that time overruled. An answer in the form of a general denial was filed, and the case proceeded to trial and judgment for appellant. Appellees filed a motion and grounds for a new trial which was sustained. The court thereupon reconsidered the general demurrer to the petition and sustained it on the ground that the agreement between the parties was within the statute of frauds.

Appellant then filed an amended petition in which he set forth that the agreement to pay appellant for his services in procuring a buyer was evidenced by a written note or memorandum thereof—same being the written offer and acceptance which was filed with and made a part of appellant's petition. In the alternative, recovery was sought on the quantum meruit in the event it was determined that the written offer and acceptance did not satisfy the requirements of the statute. Appellees' general demurrer to the amended petition was sustained, and appellant declining to plead further, his petition as amended was dismissed.

The first question we have to determine is whether or not the written offer and acceptance met the requirements of the statute. Since an answer to the question involves our construction of KRS 371.010(8), we quote it in full:

"Statute of frauds: contracts to be written. No action shall be brought to charge any person: * * *

"(8) Upon any promise, agreement, or contract for any commission or compensation for the sale or lease of any real estate or for assisting another in the sale or lease of any real estate; unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. The consideration need not be expressed in the writing, but it may be proved when necessary or disapproved by parol or other evidence. (1950, c. 174; effective June 15, 1950)"

Although the quoted subsection is comparatively new, in that it introduces a new class of contracts which are required to be in writing, it does not provide new standards for measuring the sufficiency of a writing to lend enforcibility to an agreement.

It seems well established in all jurisdictions that a writing or memorandum sufficient to satisfy the requirements of the statute of frauds must be complete in itself as to the parties charged with liability thereunder and the essential terms of the contract. 49 Am.Jur., Section 322, Page 636, Statute of Frauds; Gibson v. Crawford, 247 Ky. 228, 56 S.W.2d 985; Purcell v. Campbell, 261 Ky. 644, 88 S.W.2d 670. Minor details may in some instance be shown by parol, but we have nowhere found any authority for supplying the material and essential features of an agreement based upon a writing which does nothing more than furnish some evidence of the existence of a prior parol agreement.

Applying this test to the written offer and acceptance, we see that the name of appellant does not even appear in the contract except as a witness to the signatures of the parties and at the top of the printed contract form which was used. Appellant is not a party to the agreement and there is nothing in the acceptance indicating a promise to pay him a commission. We have no trouble, therefore, in concluding that the offer and acceptance does not meet the requirements of the statute. It follows that the court properly sustained the demurrer to the original petition.

The next and more difficult question concerns the right of the appellant to maintain an action on quantum meruit to recover the value of his services in procuring a buyer for appellees' property. The general rule is that one who receives benefit from the labor of another, or who acquires property of another under an unenforceable contract, must pay on a quantum meruit basis the value of the benefits thus received. Although no action can be maintained on an oral contract within the statute of frauds, or for damages on account of its breach, the law ordinarily will not permit one party to an unenforceable contract to retain benefits conferred upon him by the other party in the performance of it. The statute of frauds was never intended to be used to permit one relying on it to enrich himself at the expense of another or to aid in defrauding another person. The rule has been applied many times in this state in decreeing recovery for the value of services under an unenforceable agreement within the statute of frauds. Hinton v. Hinton's Ex'r, 239 Ky. 664, 40 S.W.2d 296; Carpenter v. Carpenter, 299 Ky. 738, 187 S.W.2d 282; Head v. Schwartz' Ex'r, 304 Ky. 798, 202 S.W.2d 623; Boone v. Coe, 153 Ky. 233, 154 S.W. 900, 51 L.R.A.,N.S., 907; Duke's Adm'r v. Crump, 185 Ky. 323, 215 S.W. 41; Randolph v. Castle, 190 Ky. 776, 228 S.W. 418.

We know of no reason which would justify us in refusing to apply to contracts within the class presented here the same rule which has been applied to other contracts equally within the statute of frauds.

We think the court was in error in overruling the demurrer to the amended petition insofar as it sought recovery on the quantum meruit.

Motion for an appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.