## BITZER

v.

## MOOCK'S EXECUTOR AND TRUSTEE et al.

Court of Appeals of Kentucky.

June 4, 1954.

Rehearing Denied Nov. 12, 1954.

Barbour & Bassman, Charles J. Schear, Newport, for appellant.

Odis W. Bertelsman, Newport, Louis E. Arnold, Cincinnati, Ohio, for appellees.

WADDILL, Commissioner.

In December, 1952, Gladys Page Bitzer filed this suit against Alice B. Moock's trustee and executor, and other interested parties, seeking to have Alice B. Moock's will declared a nullity and to have probate set aside, and further seeking a judgment awarding her all the property owned by Alice B. Moock at her death. Appellant's suit is based upon an alleged oral contract entered into in 1929, whereby Mrs. Moock promised to devise and bequeath her property to Gladys Bitzer in return for services to be performed by Mrs. Bitzer. From an order dismissing her petition, Gladys Bitzer prosecutes this appeal.

Appellant's petition recites that she was taken from the Louisville Baptist Orphans' Home at the age of 8, and apprenticed to Mr. and Mrs. Moock in 1914. She lived with the Moock family until she was 20 years of age, when she married, and left the Moock home to live with her husband.

Appellant avers that in 1929, Mrs. Moock asked her to return to her home and live with her as she had done in the past and in return, Mrs. Moock orally promised to make appellant beneficiary of her will. Appellant agreed to do this and took up her abode with the Moocks. She lived there with them until 1931, when Mrs. Moock ordered her to leave the house for what appellant calls "some fancied grievance."

Gladys Bitzer asserts that during all the years since 1931 she had made known to Mrs. Moock her willingness to return to the Moock home and continue the performance of her part of the agreement, and

that in 1942 Mrs. Moock reaffirmed her intention to make appellant the beneficiary of her will. However, it does not appear that appellant performed further services for Mrs. Moock under the alleged agreement.

The court sustained a demurrer to appellant's petition on the ground that an action on an oral contract to devise property which includes real estate is barred by the Statute of Frauds. KRS 371.010. This general rule of law is well established in this state. Cheatham's Executor v. Parr, 308 Ky. 175, 214 S.W.2d 91; Carpenter v. Carpenter, 299 Ky. 738, 187 S.W. 2d 282; Rudd v. Planters Bank & Trust Co., 283 Ky. 351, 141 S.W.2d 299.

Appellant contends that the contract is severable and that the demurrer to her petition should not have been sustained insofar as the personalty is concerned. Neither the alleged agreement, nor the authorities support this contention. The rule is that contracts to devise property in general, regardless of whether any real property is owned by the promisor at the date of the contract, are generally regarded as entire, and not severable, unless a contrary intention appears from the contract, or unless the consideration for the devise of real property is separate and severable from the consideration for the bequest of personalty. Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147. Lemire v. Haley, 91 N.H. 357, 19 A.2d 436. In re Rosenthal's Estate, 247 Wis. 555, 20 N.W. 2d 643. See 49 Am.Jur., Statute of Frauds, Section 216, page 541.

As a general rule a contract is entire, when, by its terms, nature, and purpose it contemplates and intends that each and all of its parts are common to each other and to the consideration. A test of severability is that if the consideration is single, the contract is entire. In instances where the consideration is expressly or by implication apportioned, the contract may be, yet even then need not necessarily be, regarded as severable. Traiman v. Rap-

paport, 3 Cir., 41 F.2d 336, 71 A.L.R. 475; Also see, Annotation, page 479.

In the instant case the consideration was single and was not apportioned, part to the real estate and part to the personalty, either expressly, or by implication; hence, we must conclude the contract was entire.

Appellant next contends that the doctrine of equitable conversion applies and that all the property of Mrs. Moock became personalty by virtue of the operation of this principle of law.

Appellant's argument on this proposition is based on the following language from the will of Mrs. Moock:

"Item VII: I nominate and appoint The Newport National Bank of Newport, Kentucky, as Executor of this will and trustee of the trust set up in Item Four (4) hereof. I authorize my said executor to sell and convey any part of my estate from time to time, provided however, that my nieces, Blanche Klett and Margaret Harris shall consent in writing to such sale."

Appellant urges that the authorization of the executor to sell the property amounts to an equitable conversion, claiming that equity will regard as done that which is directed to be done. There is a distinction however, between a duty to sell and a mere authorization to sell on the part of an executor or trustee. In the latter case the doctrine of equitable conversion has no application. Tatman v. Cook's Adm'x, 302 Ky. 529, 195 S.W.2d 72; Schriver v. Frommel, 179 Ky. 228, 200 S.W. 327; Reynolds' Ex'r v. Reynolds, 187 Ky. 324, 218 S.W. 1001.

Mrs. Bitzer also contends that her situation is an unique one and that equity requires us to ignore the Statute of Frauds in her case. We do not take this view of the case. The Statute of Frauds has repeatedly been held applicable in cases of this nature in many jurisdictions, and we

cannot see in what way her case differs materially from those we have considered. It may be that appellant has grounds for an action for the reasonable value of her services in quantum meruit, but that question is not before us on this appeal.

Judgment affirmed.