Sallie PRYOR, Appellant,

v.

Sallie N. YORK'S EXECUTOR (William York), Appellee.

Court of Appeals of Kentucky.

May 24, 1957.

Rehearing Denied Nov. 1, 1957.

Buckley & Breckinridge, Lexington, for appellant.

Thornton & Carroll, Lexington, for appellee.

BIRD, Judge.

This action was instituted on an oral contract. Defendant was granted judgment on the pleadings and plaintiff appeals.

In order that the specific nature of the action be clearly manifest we quote Paragraph II of the complaint.

### II.

"Plaintiff says that in consideration of personal services rendered by the plaintiff to the decedent as hereinafter set out, that decedent Sallie N. York, promised to pay to her or to will or convey to her the property known as 306 West Maxwell Street, Lexington, Kentucky; that said property is and was of the reasonable value of at least $6,500.-00 and claim is made against the executor of said estate for said amount."

Plaintiff demanded judgment in the sum of $6,500 together with a lien against the property described.

Paragraph I of the complaint does not concern the contract but Paragraphs III and IV point out in detail the nature of the services rendered, the circumstances surrounding the agreement, and the plaintiff's performance. In Paragraph V the plaintiff alleges that this claim was properly filed with the executor and that the same is wholly unpaid. There are no further affirmative pleas in the complaint.

In the claim filed with the executor we find these words, "Sallie Pryor * * * deposes and says that her claim herein is based upon an express contract."

■■ Appellant concedes that the contract is within the statute of frauds and therefore unenforceable, but it is contended that this pleading discloses an implied contract to pay for the services rendered and that she is entitled to recover, upon a quantum meruit basis, the value of her services. This contention is clearly justified under the authority of Head v. Schwartz' Ex'r, 304 Ky. 798, 202 S.W.2d 623, 625, in which we said:

"So, while an action cannot be maintained upon an oral contract to devise real estate as compensation for services to be rendered, yet if the promisee has performed the contract by rendering the required services, a contract to pay the reasonable value of the services rendered is implied and an action will lie against the personal representative of the decedent on a quantum meruit to recover the value of the services."

However, we have not departed from our holding in Cheatham's Ex'r v. Parr, 308 Ky. 175, 214 S.W.2d 91, 94, in which we stated as follows:

"Appellee having relied on an express contract in his pleadings, he cannot recover on an implied contract which was not pleaded."

In view of this holding there remains only one question to be answered. Has an implied contract been pleaded in such a manner as to warrant a recovery on quantum meruit? The sufficiency of the pleading before us must be measured by a yardstick different from that used in the Cheatham case. We must now use the standards of measurement provided us by the Kentucky Rules of Civil Procedure effective since July 1, 1953. Appellant claims sufficiency

under the general rules of pleading set forth in CR 8.01, providing as follows:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

In discussing this rule, Clay in his work on Kentucky Civil Rules refers us to his comment on CR 7.01, reading in part as follows:

"The substance of pleadings is covered by Rules 8, 9, 12, 13, and 14. The form is prescribed by Rules 10 and 11.

"It is important to bear in mind the proper purposes and functions of pleadings. They are: (1) * * *, (2) to notify the opposing party of the basic factual situation and the essential elements of the party's claim or defense, and (3) * * *. While simplicity is sought by this and other Rules, certainty in the light of those purposes is also required." (Page 82.)

The plaintiff's pleadings in this case disclose a set of circumstances which may possibly have given rise to an implied contract authorizing a recovery upon quantum meruit. However, to meet the requirements of the rule regarding notice to the adversary, a pleading must do more than merely expose a right of recovery or a right to rely upon a certain defense. The pleadings must show clearly that action is being taken on that right of recovery, or that the right to a defense is being asserted as such.

There is nothing in the pleading of this case to notify the defendant that action was being taken on an implied contract. In fact, the pleading practically negatives the idea. We must therefore conclude that there was not a sufficient plea on an implied contract to warrant a recovery on quantum meruit.

The express contract being unenforceable by reason of the statute of frauds, and the pleadings being insufficient to warrant recovery on the implied contract, the trial court was correct in dismissing the action.

Judgment affirmed.