Aaron M. HALE et al., Appellants,

v.

D. T. NICKELL, Appellee.

Court of Appeals of Kentucky.

March 16, 1962.

Rehearing Denied Sept. 28, 1962.

Burchett & Burchett, Thomas Burchett, Ashland, for appellants.

Dysard, Johnson & Welch, David O. Welch, W. H. Dysard, Ashland, for appellee.

WILLIAMS, Judge.

The appellants, Aaron M. Hale and Anna M. Hale, owned a home near Ashland,

Kentucky, which was sold through the efforts of appellee, D. T. Nickell, a real estate broker. Appellants brought suit for damages sustained as the result of delay in consummating the sale and appellee counterclaimed for services rendered. The case was heard by the court sitting without a jury and judgment was entered awarding appellee the sum of $1500 for services rendered. This appeal results.

The appellants argue that the appellee's claim was barred by the statute of frauds; that the transaction was abandoned by the broker; that the appellant Anna M. Hale could not make a binding contract to sell the property; that the appellee was the agent of the purchaser and not the seller; that the court erred in awarding a judgment against Aaron M. Hale; that the appellee is not entitled to recover on the theory of quantum meruit; and that the court erred in refusing to award the appellants damages. Except for the right of appellee to recover upon quantum meruit, all of the objections to the judgment of the lower court are resolved by the factual situation which existed. The circuit judge made the following findings of fact:

"1. The plaintiffs, Aaron M. Hale and Anna M. Hale, are the joint owners of the real estate involved in this action.

"2. The defendant, D. T. Nickell, is a Real Estate Broker licensed and doing business in the State of Kentucky.

"3. The plaintiffs desired to sell their property and had been seeking to make a sale for several months prior to May 1, 1956. Previously, they had established a proposed sale price of $31,500 and had agreed to pay a sales commission of five per cent; with a net price to the seller of $30,000.

"4. On or about May 2, 1956, Jack A. Huth, a prospective buyer, knowing that D. T. Nickell was a Real Estate Broker who represented house owners having property for sale, inquired of the defendant whether he did have any properties for sale. Nickell contacted the plaintiffs and ascertained that the sale price was $30,000, plus $1500 to cover a real estate commission, making a total of $31,500, and that he might show the property as their representative to Huth as a prospective buyer. The plaintiffs knew that D. T. Nickell was a Real Estate Broker who represented sellers having property to sell because they knew him personally and, also, he had previously been in a real estate transaction with them.

"5. After the original contact, there were subsequent contacts between the plaintiffs, Nickell, and Huth, which resulted in a contract of sale under which the plaintiffs agreed to sell their property to Huth for $31,500, as follows: $26,500 in cash and a second mortgage in the sum of $5000.00. An agreement was entered into for said agreed price. Thereafter a difference arose between the buyer and the seller as to encroachments and other representations that resulted in an adjustment of $1500 to the seller, thereby leaving a balance of $30,000.

"6. The customary fee of a Real Estate Agent for selling the property in this area was $1500, as shown by the Fee Schedule of the Real Estate Association and the testimony of the Real Estate Agents. The plaintiffs knew that this was the customary fee and they also knew before the Contract of Sale was signed between them and Huth that the defendant expected the commission of $1500."

CR 52.01 provides that in actions tried upon the facts without a jury the court shall find the facts specifically. The findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

See Clay, Kentucky Civil Rules, Author's Comment 6. Although there was contradictory testimony regarding some of the facts found by the circuit court, nevertheless they are substantiated by the evidence and are not clearly erroneous. Such being the case it is evident that appellants and appellee entered into an oral contract which the appellee did not abandon.

It is admitted by appellee that recovery may not be had on an oral contract for the sale of real estate. KRS 371.010(8). But he insists that, although the statute of frauds prohibits his recovery under the oral contract, nevertheless he is entitled to recover for his services rendered on a quantum meruit basis. In Clinkinbeard v. Poole, Ky., 266 S.W.2d 796, 41 A.L.R.2d 901, it was said:

> "The general rule is that one who receives benefit from the labor of another, or who acquires property of another under an unenforceable contract, must pay on a quantum meruit basis the value of the benefits thus received. Although no action can be maintained on an oral contract within the statute of frauds, or for damages on account of its breach, the law ordinarily will not permit one party to an unenforceable contract to retain benefits conferred upon him by the other party in the performance of it."

■ The appellants received benefit from the services rendered by appellee. Although relief on a quantum meruit basis was not specifically pleaded by appellee, testimony relative to the value of services was introduced and no objection was made thereto. Consequently, it must be assumed that the issue was tried with the implied consent of both parties and shall now be treated as if it had been raised in the pleadings. CR 15.02.

■ The appellants claimed they were damaged because of a delay in consummating the sale. The delay was said to have been occasioned by a lis pendens notice which was filed by appellee in the Greenup County Court Clerk's office. The circuit court found as a fact that the filing of that notice did not result in any damage to appellants, and that the delay in completing the contract of sale was due to requirements of the mortgagee which were not related to the claim of the appellee. Having found that delay in completing the sale was not occasioned by filing of the lis pendens notice, it is obvious appellants were not entitled to recover any damages because the notice was filed.

Judgment affirmed.